ARCH NORRIS v. W. C. BELCHER LAND MORTGAGE COMPANY.

No. 1343.   Decided October 27, 1904.

1.—Res Judicata—Pleading.

Where a former suit was pleaded for the purpose of recovering, under the terms of the mortgage here sought to be foreclosed, the expenses of such former suit, such plea did not put in issue the effect of the former judgment as precluding the defense of usury in this.   (Pp. 179, 180.)

2.—Usury—Res Judicata.

In an action to foreclose a mortgage to which usury was pleaded, that defense was not precluded by a former judgment between the same parties in a suit to remove the incumbrance of the mortgage, not then sought to be foreclosed, on the ground that it was taken with notice of a prior unrecorded deed to the property; no question as to the amount of the debt was in issue in such former suit.   (Pp. 180, 181.)

3.—Usury—Agreement to Pay Lender's Taxes.

An agreement by the borrower to pay the taxes assessed against the lender on his investment would render the contract usurious, if such sum, together with the interest stipulated to be paid, exceeded 10 per cent.   (P. 181.)

4.—Same.

A contract to pay interest at 9 per cent and also the lender's taxes on the loan, was not on its face, and as matter of law, usurious where the taxes, not yet being levied, were uncertain in amount; but see circumstances supporting a finding of fact that it was usurious.   (Pp. 181, 182.)

5.—Usury—Mistake—Reformation of Contract.

Under appropriate pleading seeking reformation of a contract, the defense of usury may be avoided by showing that the feature rendering the contract usurious was inserted by mistake.   Whether such relief could be had without such pleading suggested but not decided.   (P. 182.)

6.—Contract—Construction.

Unlawful intent can not be imputed to parties so long as their acts admit of a construction which would make them lawful.   (P. 182.)

ON MOTION FOR REHEARING.

7.—Mortgage—Expense of Removing Incumbrance.

A provision in a mortgage that the borrower should repay the mortgagee money paid to remove any outstanding title or incumbrance does not cover the expense of litigation by the mortgagee in defending his claim against an unfounded adverse suit; but the court costs incident to joining an adverse claimant as defendant in a foreclosure suit were properly chargeable against the land in that proceeding, and so were recoverable by the mortgagee on foreclosure, though incurred in a previous suit against him by the adverse claimant to cancel the mortgage.   (Pp. 183, 184.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The mortgage company sued Norris for foreclosure and appealed from a judgment allowing it only a partial recovery. The judgment was reversed and rendered, whereupon Norris obtained a writ of error and the company's application for writ of error was also granted.

*G. H. Goodson*, for plaintiff in error Norris.—Before a former judgment can be used in evidence as a defense as res adjudicata or estoppel it must be definitely and specifically pleaded, so as under the rules of pleading to fully advise the opposite party that the same will be relied on as a defense; if it appear from the pleadings that the matters set out in reference to the former judgment are merely stated as data on

which to base some ground of recovery on the facts growing out of the same, then such pleading will not be sufficient to set up the defense of estoppel and former adjudication growing out of such judgment. Philipowski v. Spencer, 63 Texas, 604; Monks v. McGrady, 71 Texas, 140; American Mort. Co. v. MacDonell, 93 Texas, 405; Moore v. Snowball, 4 Texas Law Jour., 871.

As it was held by the courts in the Comanche County suit that the title of Norris was subordinate to the trust deed given by Taylor to the company, and that Norris' title could not legally interfere with the company's mortgage as given by Taylor, then there was no breach of Taylor's covenant, as Norris' title was not "a prior or outstanding title, lien, claim or incumbrance."

*Wm. J. Beirne,* for defendant in error Belcher Land Mortgage Company.—If a mortgage give a lien on land to secure payment of such sums as the mortgagee may pay on account of or to extinguish or remove any prior or outstanding title, lien, claim or incumbrance on the land, and thereafter the mortgagor be sued in trespass to try title for the land, the mortgagee be sued therein to cancel the mortgage, and in such suit it be determined (1) that the title of plaintiff was both prior and outstanding as to the title of the mortgagor, and that therefore plaintiff should recover the land from the mortgagor; and (2) that the mortgagee had taken the mortgage innocently and without notice of plaintiff's title, and for this reason alone the mortgage was adjudged to be valid and entitle to protection from plaintiff's prior title,—under these facts the sum expended by the mortgagee in defending its mortgage in such suit was expended on account of the prior and outstanding title of the plaintiffs therein, and therefore was secured by lien on the land by virtue of above provision of the mortgage. Robinson v. Hill, 15 N. H., 477; Jehle v. Brooks, 70 N. W. Rep., 440; Farwell v. Bigelow, 70 N. W. Rep., 579; Jones on Mort., 5 ed., secs. 77, 358, 636, 414, 1135, 1596; 20 Am. and Eng. Enc. of Law, 2 ed., 931, sec. h; Belcher L. M. Co. v. Norris, 68 S. W. Rep., 548; 1 Jones on Mort., 5 ed., 373; Willis v. Sanger, 15 Texas Civ. App., 662; Witczenski v. Everman, 51 Miss., 841; Lovelace v. Webb, 62 Ala., 271.

In the Comanche County suit the mortgage contract was held valid. The court erred in permitting Norris to set up herein that the mortgage contract was invalid because of usury. Cromwell v. Sac County, 94 U. S., 352; Werlein v. New Orleans, 177 U. S., 390; Austin v. Hamilton County, 76 Fed. Rep., 208; Bradley Mfg. Co. v. Eagle Mfg. Co., 57 Fed. Rep., 988; Ross v. City of Portland, 105 Fed. Rep., 682; Harmon v. Auditor of Public Accounts, 123 Ill., 123.

In a suit by the mortgagee to foreclosure a mortgage on land, against one a stranger to the mortgage and not in privity with the mortgagor, the mortgagee can introduce parol evidence to vary, explain, or contradict, a clause of the written mortgage. McMaster v. Pres. of Ins. Co.

98 Sup.—12.

of N. Am., 55 N. Y., 234; Pittman v. Harris, 24 Texas Civ. App., 505; Lee v. Adsit, 37 N. Y., 78; Sigua. Iron. Co. v. Green, 88 Fed. Rep., 207; O'Shea v. New York C. & S. L. Ry. Co., 105 Fed. Rep., 559; Smith v. Moynihan, 44 Cal., 53; Gates v. Steele, 48 Ark., 539; Venable v. Thompson, 11 Ala., 147; Abbot's Mode of Proving Facts, 2 ed., 273, 420.

WILLIAMS, Associate Justice.—The history of the transactions out of which this controversy grew is as follows: One Houston conveyed the land in question to Arch Norris, a minor, by deed which was not recorded. Houston afterwards conveyed the land to another, who conveyed it to Taylor. Taylor, to secure a loan, executed to the W. C. Belcher Land Mortgage Company the mortgage upon the land discussed further on. Thereupon, through his next friend, Arch Norris instituted against Taylor an action in the form of trespass to try title to recover the land, joining the mortgage company, alleging the facts, and charging that the several conveyances subsequent to the deed to him, including the mortgage, were made to defraud him and were taken by the grantees with notice of his deed, and praying for judgment against all of the defendants for the title and possession of the land and "canceling and holding for naught the mortgage lien of the mortgage company as an incumbrance upon his title and use to the land; and also praying that, if he should fail to have the mortgage canceled, he have judgment against Taylor for the amount thereof to use in paying same. In that action the mortgage company set up in its answer the facts attending the execution of the mortgage and alleged that it had made the loan to Taylor in good faith without notice of plaintiff's unrecorded deed. The debt to secure which the mortgage was given was not then due and no effort was made to enforce the mortgage, the prayer of the answer being only "that plaintiff take nothing by his suit and that it (the mortgage company) be dismissed with its costs." The final result of that suit was a judgment in favor of Norris against Taylor for the title and possession of the land, but against plaintiff in favor of the mortgage company, "that the mortgage be and is hereby declared a valid lien against said land." Thereafter, Taylor having failed to pay an interest installment, in consequence of which it was claimed the mortgage debt matured, the mortgage company brought this action against Taylor, as debtor and mortgagor, and against Norris, as the holder of the legal title, to foreclose the mortgage. The petition showed an indebtedness evidenced by a bond for $700 payable in five years, with five coupons recited to be for annual interest, for $42 each, and by three promissory notes for $35 each, payable respectively in one, two and three years from the date of the bond and mortgage. The petition also alleged that the mortgage contained the stipulation that the borrower should repay all money that may have been paid by the lender "for taxes or assessments on said premises, or *on the said*

*bond and coupons or on said notes or any part thereof,* or on account of or to extinguish or remove any prior or outstanding title, lien, claim or incumbrance on the premises, which payment was secured by the mortgage lien." Following the allegation of this provision, the petition stated the nature and result of the former action, and alleged that in defense thereof the present plaintiff had incurred certain costs and expenses of suit, as set forth, and prayed for judgment for them, also, against Taylor and the land. The defendant Norris pleaded that the debt sued on was usurious, in that the five coupons for $42 each and the three notes for $35 each were all given for the interest, which, together with the taxes on the debt which the contract bound the borrower to pay, amounted to more than 10 per cent per annum. The reply of plaintiff to this answer contained no plea of res judicata, nor otherwise relied on the former judgment as a bar to the defense. It, however, sought to avoid the plea by alleging, in substance, that the agreement actually made as to taxes was not as stated in the mortgage, in taking which a printed form was used, and was not intended to make the borrower pay the ordinary taxes, but was intended "solely to provide for the payment by the mortgagor of any tax or assessment on the mortgage that might be imposed by Texas legislation during the life of the mortgage, whereby the mortgagee would be taxed on the landed security only to the value of his equity therein, and the remainder of the landed tax, or the difference between the full value of the security and the equity of redemption, would be imposed on the mortgage holder," and that no such legislation had been adopted, and that neither it nor Taylor had paid or been called on to pay any of the ordinary State, county or municipal taxes on the aforesaid indebtedness. The evidence showed that the loan was made on January 1, 1900, and that for that and the two succeeding years the rate of taxation at Fort Worth, the mortgage company's domicile, was as follows: State, 34 cents; county, 625⅝ cents, and city, $1.75 on the hundred dollars. The trial court excluded evidence offered by the mortgage company to prove the facts alleged in its plea in answer to the charge of usury, held the contract usurious and gave a foreclosure for the principal of the loan, denying the plaintiff's claim for reimbursement for its expenditures in the former suit. The Court of Civil Appeals, in effect, held with the trial court on these questions, but were of opinion that the former judgment concluded the defense of usury and foreclosed the mortgage for principal and stipulated interest. Both parties applied to this court for a writ of error and the case is before us upon both petitions.

We will first consider the holding of the Court of Civil Appeals that the judgment in the former action barred the defense of usury in this. Our opinion is that this was erroneous for two reasons, viz: (1) The judgment was not pleaded as a bar, and (2) the issues in the former action did not embrace in their scope this defense. The allegations in the petition concerning the former action and judgment were plainly

made to sustain the claim asserted for the recovery of the expenses of that suit and to bring such expenses within the provision of the mortgage relied on for that purpose. There is nothing whatever in the pleading to give notice to the defendant of a reliance on the judgment as a bar to the defense of usury. An exception to the petition for insufficiency as a plea of res judicata would have been futile, the allegations not having been made for any such purpose. Neither the defendant nor the court were bound to treat matter thus set up for one purpose as applying to an entirely different purpose. Whitlock v. Castro, 22 Texas, 113.

As the cause will be remanded for another trial when other pleading may be supplied, it is proper that we determine the question as to the effect of the former judgment upon the defense of usury. The issue between Norris and the mortgage company in the former action was one of priority; i. e., whether the former's elder legal title or the latter's junior mortgage should have precedence. Precedence was claimed by Norris because he asserted the mortgage company took with notice of his title, and by the mortgage company because it asserted it took without such notice. This was the issue made and adjudicated, and it seems obvious that it did not involve any question as to the amount the mortgage company could rightfully demand of Taylor, which is the question here. In the attitude he then occupied Norris could not have made such a question as a part and in support of the action he prosecuted. It is only when his deed is postponed to the mortgage and he is, as to his rights in the land, thus forced into the shoes of the mortgagor that he is concerned with and can raise questions as to the amount of the debt. It is to be borne in mind that there was no effort to foreclose the mortgage against him in the former suit and that there was there involved only his claim of title superior to the mortgage. We have said that he could not have made his present defense as a part of and in support of the former action as he brought it, because, in our opinion, that is the test of the effect of the former judgment upon the present issue. He was undoubtedly bound to set up any matter that properly belonged to or that would have sustained his action, and all such matters, whether set up or not, are concluded; but the estoppel of the judgment extends no further than this as to matters not actually adjudicated. That the question of usury was neither set up nor passed upon is plain; and that Norris was not only not bound to set it up, but could not have done so without changing his whole attitude and relying on a different cause of action is equally apparent. Whether or not at that time he could, in any way, have asserted, singly or alternatively, any right of action involving the defense of usury against the debt it is unnecessary to inquire; for if it be conceded that he could have done so, such right, whether asserted alone or as an alternative to that which he prosecuted, would have been distinct from and inconsistent with the latter. This subject was so fully considered in the recent case of Moore

v. Snowball, 98 Texas, 16, that we deem further discussion unnecessary. While the members of this court differed in that case as to the application of the law of res judicata to the facts there presented, there is no difference of opinion here, and we hold that the defense of usury may still be made.

It is therefore necessary to determine whether or not the rulings of the trial court upon this defense were correct. To sustain this defense it is necessary that the five coupons, for $42 each, and the three notes, for $35 each, all be treated as interest. The instruments evidencing the contract mention as interest, eo nomine, only the coupons, the notes being merely recited in the deed of trust as part of the debt secured, and not as a part of the loan or of interest upon it. It was therefore necessary, as contended by the mortgage company, that other evidence be adduced to show that the notes, also, represented interest. As stated, they were of the same date as the other documents. The mortgage recites that the $700 is the "principal sum" of the loan, and the answer of the mortgage company in the former suit, which is in evidence, states that the bond for $700, the coupons and the notes were all given for the loan. Since the $700 is stated as principal, the trial court was warranted in finding that the other obligations given for the loan represent the interest. This makes the interest so stipulated amount to only 9 per cent, and the taxes which the lender agreed to pay must also be taken into consideration, in order to make more than 10 per cent which the lender is allowed to charge for the "use, forbearance or detention of money." The contract, as written, binds the borrower to pay that which the law imposes on the lender—the taxes on the lender's own property. This exaction is made as a condition of the loan, and is therefore made for the "use," etc., of the money. When such a reservation in a contract necessarily makes the charge for the use of the money exceed 10 per cent, the contract, in our opinion, is necessarily usurious. But can it be said that this contract itself reserves more than 10 per cent? The levy for State purposes, made by permanent law, was only 34 cents on the hundred dollars. The levies for county and city purposes could hardly have been made for the year 1900 on the 1st of January of that year when the loan was contracted for, and it could not, upon mere construction of the contract, be said that the amount of such levies when made would be sufficient to make the interest exacted greater than 10 per cent. Under such conditions it can not, we think, be laid down as a broad proposition that such a stipulation, on its face, is unlawful. It might be otherwise if the contract reserved interest at the full lawful rate, and, in addition, exacted the payment of taxes, whether the amount thereof were known or not. Mortimer v. Pritchard, 1 Bailey Eq. (S. C.), 505; Meem v. Dulaney, 88 Va., 674; Banks v. McClellan, 87 Am. Dec., 594. Such provisions as that under consideration were involved and discussed, but not very satisfactorily, in the cases cited.

The question whether or not the contract as written was, as a matter of law, usurious on its face is not of great importance, because the trial court upon the evidence has found usury, which involves the idea that the parties, when they contracted, contemplated and intended the payment of more than 10 per cent, and this conclusion is probably justified by the common knowledge that the combined rate of the tax levies for State, county and city governments uniformly is and has been more than 1 per cent, which knowledge may well be imputed to these parties. The distinction indicated above becomes important, however, in determining whether or not the court erred in excluding the evidence offered to show the mistakes in the written contract. There was no exception to the plea setting up this matter and it was sufficient to admit evidence, if the evidence could properly be considered as changing the rights of the parties. The substance of it is that the agreement which the parties actually made was not truly expressed in the writing, but a different one was made to appear through a mutual misunderstanding of the legal effect of the language used. This constitutes a good ground in equity for relief against the terms of the writing if the mistake materially changed the contract agreed upon. Kelly v. Ward, 94 Texas, 289, and authorities cited. Whether, independently of equitable procedure, a lender, when defending against the charge of usury in a written contract, may not, as well as the borrower in supporting the charge, go behind the terms of the writing and show, that, notwithstanding such writing, the contract as actually made was not usurious but lawful, is a question upon which the court expresses no opinion. See 27 Am. and Eng. Enc. of Law, 1 ed., 970; Archibald v. Thomas, 3 Cow., 288; Buckley v. Guildbank, 3 Croker, 678; Nevison v. Whitley, 4 Croker, 501; Webb on Usury, secs. 28, 37, 68, 69.

We think the matter relied on would, if established, meet the charge of usury. The taxes really contemplated in the contract, according to this contention, had no existence at the time, a different scheme of taxation being in vogue. The parties were therefore not charged with knowledge that, if the system of taxation were changed, such a rate would be levied that the payment of it by the borrower would raise the rate of interest to more than 10 per cent. An unlawful intent can not be imputed as long as the acts of the parties admit of a construction which would render them lawful. Besides, the offer in effect was made to show that no purpose existed to charge more than 10 per cent. The evidence should be admitted on another trial and the question of usury determined from all of the facts appearing.

The only remaining question is as to the right of the mortgage company to charge upon the land its expenses in the other suit, and we think the courts below properly decided against the claim, for the reason given in the opinion of the Court of Civil Appeals.

The judgments below are reversed and the cause remanded. The

defendant, Norris, will pay the costs of appeal to the Court of Civil Appeals and the plaintiff company the costs of the writ of error.

*Reversed and remanded.*

ON MOTION FOR REHEARING BY DEFENDANT IN ERROR.

WILLIAMS, ASSOCIATE JUSTICE.—The motion points out that the statement in the original opinion that the petition in the present suit "alleged that the mortgage contained the stipulation that the borrower should repay all money that may have been paid by the lender 'for taxes or assessments on said premises, or on the said bond and coupons, or on said notes or any part thereof, or on account of or to extinguish or remove any prior or outstanding title, lien, claim or incumbrance on the premises, which payment was secured by the mortgage lien,'" is incorrect in that the original petition did not state the part of the provision of the mortgage here copied concerning taxes and assessments upon the bond, coupons and notes. It is true that the original petition did not state the whole of the stipulation in the mortgage, but the part omitted was in substance supplied by the supplemental petition. The opinion in this statement merely meant to give the provision in the mortgage which was set up in the pleadings of the plaintiff and, as several questions depended on it, for convenience and to avoid repetition, copied the language as it appears in the mortgage in full. The plaintiff claimed nothing for taxes paid, and we attached no importance to the manner in which the provision in the mortgage appeared in the pleadings, as affecting the question of usury.

The motion reasserts the right of plaintiff to recover the expenses incurred in defense of the former action. We are still of the opinion that the provision in the mortgage does not refer to mere expenses of litigation incurred by the mortgagee in defending his mortgage against unfounded suits adverse to it. That provision refers to claims to extinguish or remove which, or on account of which, it should become necessary for the mortgagee to pay out money to make his mortgage good; and evidently contemplates the payment of the money upon the claim itself and not merely the incurring and payment of the expense of litigating unfounded suits against it. The failure of Norris to record his deed, and the mortgage by Taylor to plaintiff, who took without notice, postponed Norris' prior deed to plaintiff's mortgage and left Norris in the attitude of the holder of the equity of redemption as against plaintiff's mortgage, and his interest was such as to make him a proper party to a suit to foreclose the mortgage. The costs recoverable in such a suit are determined by the law and the judgment of the court, and are not, in our opinion, referred to by the language of the mortgage. To so hold would give the mortgage the effect of charging upon the land the expense of any action adverse to the mortgage, however unfounded and frivolous. The expenses sought to be recovered were not in any proper sense paid "on account of" Norris' claim, nor

to extinguish or remove it, but were only such as all litigants may incur in defending suits. We can not, therefore, assent to the proposition that they are covered by the mortgage. There is, however, another view, not presented by the defendant in error, upon which we have concluded that some of the items of his claim may be charged on the land. It appears from the list, though the fact is not distinctly alleged in the pleading, that some of the items were court costs properly taxable in the former action. Such of them as fall within this class may, we think, be recovered here. Norris was and is, as before stated, a proper party to this foreclosure suit, and had he waited, as he could have done, until it was brought and in it made the same issue which he formerly made against the plaintiff's mortgage, the court costs incurred · by plaintiff in the contest would unquestionably have been charged upon the land in the decree of foreclosure. Instead, he brought an action to cancel the mortgage for reasons that, but for the former adjudication, could have been urged in this action, and caused costs to accrue which we must assume were adjudged against him by the former judgment. There could have been no foreclosure of the mortgage at that time, because no cause of action upon it had accrued to plaintiff, and we think its right to charge the costs upon the land is the same as if the issue formerly tried had arisen and been disposed of in this case. While we would not have felt authorized to reverse the judgment upon this view, the question not having been properly raised, yet, as the case is to be remanded for a new trial, we deem it proper to so far modify our former opinion as to admit of an inquiry into the character of the sums paid out by plaintiff and to authorize the inclusion, in the decree of foreclosure, of such of them as were recoverable as court costs of the former action. With this modification of the former opinion the motion is overruled.

*Motion overruled.*

Opinion delivered December 19, 1904.