## J. W. OLVEY ET AL V. MINNIE C. JONES ET AL.

No. 7688.  Decided November 26, 1941.
(156 S. W., 2d Series, 977.)

*Saye & Saye,* of Longview, for plaintiffs in error.

The use of the phrase "and includes any excess, if any," in plaintiffs' deed to defendant, following the description of the land, showed an intention on the part of the grantors to convey to Olvey, the defendant, an undivided one-half interest in the reversionary mineral interest in the land and to assign to him one-half of the oil and gas royalty and rental provided for in the leases covering the land; and negatives the notion that said mineral interest was sold on an acreage basis at a stipulated price per acre. Therefore, plaintiffs cannot maintain an action against their grantee to reform said deed by reducing the interest conveyed and assigned without alleging and proving that the above quoted phrase was inserted in the deed by mutual mistake of the parties thereto. Edwards v. Edwards, 52 S. W. (2d) 657; Sun Oil Co. v. Bennett, 125 Texas 540, 84 S. W. (2d) 447; 29 Tex. Jur. 714, sec. 8.

*W. B. Chauncey,* of Wichita Falls, *Bramlette & Levy,* of Longview, *Black, Graves & Stayton,* of Austin, for defendants in error.

It being effectively alleged and proved that the parties intended to convey 27.5 acres and not an undivided interest in 83.23 acres, grantors were entitled to a reformation, chang-

ing the fraction so as to make the deed speak the true intention of the parties. Kelley v. Ward, 94 Texas 289, 60 S. W. 311; Pegues v. Dilworth, 134 Texas, 169, 132 S. W. (2d) 582; 5 Williston on Contracts, 1550.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

This suit is brought to reform a certain mineral deed and to recover oil royalty paid under the contract sought to be reformed. Judgment granting reformation of the deed and recovery for the oil royalty was reversed and remanded by the Texarkana Court of Civil Appeals. 95 S. W. (2d) 980. Amended pleadings were filed by the parties in the trial court and after a jury trial judgment was again rendered by the trial court granting reformation of the mineral deed and a recovery of the oil royalty. The cause was appealed to the Court of Civil Appeals at Texarkana and the judgment of the trial court was affirmed. 134 S. W. (2d) 845. This court granted the writ of error.

The deed was sought to be performed upon the ground of mutual mistake, in that the agreement of the parties was that the vendors sold and the vendee purchased by the acre an undivided interest in 27-1/2 royalty acres in the tract of land described for a consideration of $100.00 per acre; that the parties believed the tract of land described contained 55 acres, when in fact it contained 83.23 acres; that because of the mistaken belief of the parties that the tract contained 55 acres, the parties erroneously described the fractional interest as an undivided one-half interest in the tract of land, thus causing the deed to convey an undivided interest of 41.615 acres instead of 27-1/2 royalty acres purchased and intended to be conveyed; that an undivided 27.50/83.23 interest in the tract of land correctly describes the interest bought and intended to be conveyed. The jury made the following finding:

1. At the time the contract and deed were executed the grantors and the grantee believed that the tract contained 55 acres.

2. The grantors sold and the grantee purchased the minerals on a per acre basis.

3. The grantors did not intend to sell nor did the grantee

intend to buy one-half of the minerals for $2,750.00 regardless of acreage.

4. The grantors intended to sell and the grantee intended to buy the oil, gas and other minerals in and under an undivided interest of 27-1/2 acres, subject to the oil leases.

5. Mrs. Minnie Jones, at the time she signed the division order to the oil company, did not intend to ratify the mineral deed, regardless of the fact that the tract of land contained 83.23 acres. The other plaintiffs, grantors in the mineral deed, did not know on September 27, 1935, that Mrs. Minnie Jones signed the division order of that date to the oil company.

Plaintiffs in error by their first proposition contend that by the use of the phrase "and includes any excess, if any" in the mineral deed the parties thereby precluded the theory that said mineral interest was sold on an acreage basis at a stipulated price per acre and without alleging and proving that said phrase was inserted in the deed by a mutual mistake, the defendants in error are not entitled to a reformation of the deed. The deed sought to be reformed provided in part as follows:

"For and in consideration of the sum of Twenty-seven Hundred Fifty Dollars ($2750.00) cash in hand paid by J. W. Olvey, the receipt of which is acknowledged, the grantors have granted, sold, conveyed, assigned and delivered, and by these presents do grant, sell, convey and deliver unto the said grantee an undivided one-half interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described tract of land (the land is then described by metes and bounds) containing 55 acres of land more or less."

Reference is then made to other deeds and is followed by the following: "And being the same land conveyed by Russell Fenton et al to J. H. Jones by deed dated February 6, 1908, recorded in Book W, p. 153, and includes any excess, if any."

1 The mineral deed both before and after reformation clearly shows that the parties did not intend that it should operate as a conveyance of an entire interest in the minerals. It indisputably appears that the interest intended to be conveyed by the instrument was a fractional interest of the royalty. If the vendors intended to sell and the vendee intended to buy

a fractional interest in the royalty in the mount of 27-1/2 acres and by mutual mistake conveyed a greater interest than that intended, the vendors are entitled to have the instrument reformed so that it will speak the true agreement of the parties. Kelly v. Ward, 94 Texas 289, 60 S. W. 311; Norris v. Land Mortg. Co., 98 Texas 176, 82 S. W. 500; Pegues v. Dilworth, 134 Texas 169, 132 S. W. (2d) 582; Laufer v. Moppins, 99 S. W. 109; Henenberg v. Winn, 1 S. W. (2d) 432 (writ refused); Pomeroy's Equity Jurisprudence, Vol. 5, Sec. 2096.

2    On the other hand, if the parties agreed upon a sale of an undivided one-half interest in the royalty under the tract of land, the vendee is entitled to retain such interest even though the parties may have believed that the one-half interest contained only 27-1/2 acres; and in the event of a material mistake with respect to acreage would entitle the vendors to recover additional consideration or to have partition, or under some circumstances to have the contract rescinded.. However, in such a case, the vendors would not be entitled to reformation, since the contract expresses the true agreement.

It is apparent, therefore, that the questions to be determined in this case are whether the parties agreed upon a sale of the undivided mineral interest to the extent of 27-1/2 royalty acres under the tract of land or upon a sale of an undivided one-half interest in the royalty under the tract of land. Both questions have been determined by the jury in favor of the vendors and against the vendee, as shown by the jury findings quoted above. There is no contention made in this case that the pleadings, and proof do not support the findings of the jury. The attack here made is that because of the phrase "and includes any excess, if any" appearing in the descriptive part of the mineral deed the parties are precluded from pleading and proving that the sale was by the acre at the price of $100.00 per acre in the amount of 27-1/2 acres and not a sale in gross; and that the vendors are not entitled to reformation of the mineral deed without pleading and proving that the quoted phrase was incorporated in the deed by a mutual mistake of the parties. In our opinion of Wheeler v. Boyd, 69 Texas 293, 6 S. W. 614, Mr. Justice Gaines, speaking for the Court, said:

"It is insisted, also, that if the parties to the transaction were mutually mistaken as to the quantity of the land, defendant is entitled to claim no abatement of the purchase money.

The authorities are not in accord upon this question; but we think the decisions of this court recognize that *even** in a case where the land is sold in gross, and the quantity stated in the conveyance is qualified by the words 'more or less,' the purchaser will be relieved in equity, if the deficiency be great. The disparity being gross between the quantity believed by both parties to exist, and that which is found actually to exist, and both having been mutually mistaken, and the quantity being a material element of inducement in the sale, it is but equitable to let the purchaser retain his bargain and to relieve him from payment for that which he does not get. O'Connell v. Duke, 29 Texas, 299; Smith v. Fly, 24 Texas 345; Walling v. Kennard, 10 Texas, 508; Mitchell v. Zimmerman, 4 Texas, 75."

(Note: A material variance is noted in the above quotation appearing in the South Western Reporter and the official State Reports. We have examined the official recorded opinion in the clerk's office and find the above quotation, taken from the South Western Reporter, is correct, and that the official State Report is incorrect.)

In the case of Daugherty v. Knolle, 44 Texas 450, loc. cit. 455, the court say:

"Unquestionably, where land is sold by the acre and in many cases when the sale is in gross and through fraud, misrepresentation, or *mistake* there is a material error in the quantity of land conveyed by the deed, relief may be had in equity, whether the deed contains a covenant of warranty or not; for the court acts in such cases not upon the contract exhibited by the deed merely, but because it is shown by the evidence that the deed does not operate as by the real contract it was intended, and conveys more or less than it should have done."

See Brown v. Yoakum, 170 S. W. 803, (writ refused).

In the case of Reid v. Byrd, 34 S. W. (2d) 305, the following is quoted with approval from Franco-Texan Land Co. v. Simpson, 20 S. W. 953:

"But, although the contract and deed show a sale in gross, it may be shown by parol evidence under appropriate pleadings that the sale was actually one by the acre."

The pleadings in the present case having alleged a mutual mistake in the mineral deed sought to be reformed, the parties

*In the official State reports the word "save" appears instead of "even."

were not precluded by recitations contained in such deed from showing that the sale was one by the acre.

**3**  Neither was it essential to the vendors' case to allege and prove that the quoted phrase was inserted in the deed by a mutual mistake of the parties in order to obtain a reformation of the instrument with respect to the quantity of the fractional interest of the royalty conveyed. The facts found by the jury, together with undisputed facts, show a case wherein the vendors intended to sell and the vendee intended to buy a fractional interest in the royalty under the tract of land at a price of $100.00 per acre, which amounted to 27-1/2 royalty acres, and because of the mistaken belief of the parties that the tract under which the royalty was sold contained 55 acres, described in the deed such interest as an undivided one-half interest. The tract of land described actually contained 83.23 acres and because of such fact the error in the description of the fractional interest caused the deed to operate as a conveyance of a greater interest than the parties intended. The mineral deed before its reformation operated as a conveyance of an undivided one-half interest in the oil royalty under the entire tract described by metes and bounds. This is true because of the phrase contained in the deed, towit: "an undivided one-half interest" and the additional description of the tract by metes and bounds. The phrase "and includes any excess, if any" was not necessary in order to make the undivided one-half interest extend to the entire tract described. The vendors are not seeking to limit the fractional interest of the royalty of 27-1/2 acres to a less acreage than the entire tract. The phrase can be given the same effect in the reformed deed as was given it before reformation. Since the quoted phrase does not in any manner contradict any part of the mineral deed, no good reason is suggested why we should hold it to be essential to the vendors' case to plead and prove that such phrase was included in the deed by a mutual mistake of the parties. The phrase here in question is immaterial to the vendors' right of reformation of the fractional interest of the royalty in the mineral deed because it does not effectually change the legal meaning of the material provisions thereof, that is, the fractional interest of the oil royalty as stated in the reformed deed. Therefore, the question here presented is not the same as the one presented in the case of Sun Oil Co. v. Bennett, 125 Texas 540, 84 S. W. (2d) 447. In that case the material and all important clause of the contract was involved. The

controlling provision of the deed sought to be reformed in the instant case is the phrase "an undivided one-half interest, etc." There is no assignment of error alleging that defendants in error did not plead and prove that said provision was inserted in the mineral deed by a mutual mistake of the parties.

4. It is contended that defendants in error ratified the mineral deed by the execution of division orders. The evidence shows the deed to have been executed on the 19th day of January, 1931. One division order was executed before the mistake in the deed was discovered. Suit was filed in October, 1934. Another division order was signed September 27, 1935. There is evidence to the effect that the last division order was signed for the purpose of collecting the oil royalty not in dispute in this suit and that it was not the intention of the signers of the division order to ratify the mineral deed and that the oil companies were notified to hold the oil royalty payments upon the part in dispute. The Honorable Court of Civil Appeals held that the trial court properly submitted the question of ratification to the jury. We agree with that holding that under the facts stated ratification was not shown as a matter of law.

It is contended that defendants in error's remedy is one for the purchase price of the excess acreage at a price of $100.00 per acre and not one for reformation of the deed. The jury found, as above stated, that the vendors sold and the vendee bought an undivided 27-1/2 royalty acres at a price of $100.00 per acre, amounting to 27-1/2 royalty acres. Obviously, if that is the true agreement of the parties, to deny the vendors their right to recover the excess would be to compel them to sell such interest when they have agreed neither to the sale nor to the price. One might be willing to sell 27-1/2 royalty acres at a price of $100.00 per acre under a tract of land and still be unwilling to sell his remaining interest or any part thereof at that price. Plaintiffs in error rely upon the cases where the parties have sold an entire tract of land and are mistaken as to the number of acres contained in said tract. In those cases it is generally held that the vendee is entitled to hold his bargain and compensate the vendor for the excess acreage he has received. A sound reason for that holding is that the parties, contracted with reference to the entire tract of land and that any other rule would deprive the purchaser of his contract. Moreover, such holding avoids an enforced co-tenancy in the land which could not have been contemplated by the parties when they entered into the contract. None of

the reasons suggested are present in this case. When this contract was entered into the very agreement made the vendors and vendee cotenants in the royalty interest under the land. According to the jury findings, the parties did not agree upon a sale of an undivided one-half interest in the royalty under the entire tract of land. Under such a contract the vendors in this case are entitled to reformation and partition, that is, a recovery of the interest in the royalty erroneously conveyed. In O'Connell v. Duke, supra, the suit was for the land and the court awarded judgment for the land subject to the right of defendant to pay for the excess within sixty days. This holding was grounded upon the fact that according to the jury the sale was of the entire tract of land and the consideration was determined on an acreage basis. The distinction in the two classes of cases is recognized by this court in the case of Findlay v. The State, 113 Texas 30, 250 S. W. 651 and Barclay v. Falvey, 100 S. W. (2d) 791 (writ refused).

Moreover, the plaintiff in error is not entitled to insist in this case that he should be allowed to retain such excess, for he has not offered to pay for it.

5 It is contended that the court erred in allowing defendants in error to give in evidence the statement of Mr. Olvey, the vendee in the deed, made to them during the negotiations of the agreement to the effect that the phrase "and includes any excess, if any" meant just a fraction of an acre; and that two of the defendants in error informed other defendants in error that the sale was by the acre at a price of $100.00 per acre and that defendants in error were so informed by them because such statements were self-serving, hearsay and highly prejudicial. It is the established law in this State that "Conversations between the parties and testimony as to what was said and done by them while a business transaction was being arranged and the transaction was depending are admissible as part of the res gestae." 17 Tex. Jur., p. 651, sec. 273. A similar rule is stated in 22 C. J., p. 459, "Statements or circumstances which are explanatory of the main fact are admissible in evidence as a part of the res gestae." In the case of Weir v. W. T. Carter & Bro., 169 S. W. 1113, (writ refused) it is said:

"Whenever, as a result of mutual mistake or fraud, a written instrument fails to express the agreement of the parties, parol evidence is admissible to show what the agreement was.

If this was not the rule, the reformation or correction of a written instrument could rarely, if ever, be accomplished. This proposition is too elementary to require the citation of authorities."

Under the rules stated, we are of the opinion that the evidence was admissible for the purpose of showing the true agreement of the parties. The defendants in error were represented in the negotiations of the agreement by two of the defendants in error, towit, Vernon and Hoyler Jones. The defendants in error who did not participate in the negotiations were entitled to show their intention and their understanding of the true agreement, even though they did not participate in the negotiations of the agreement save and except through an agent. Their understanding and intentions with regard to the true agreement were relevant, having a direct bearing upon their right to reform the instrument. Of course, the conversations between the defendants in error were not admissible for the purpose of proving what transpired between their agents and the vendee and upon request the plaintiffs in error would be entitled to have such evidence limited. The plaintiffs in error did not request the trial court to limit such evidence. Under the ruling made in the case of Blum Milling Co. v. Moore-Seaver Grain Co., 277 S. W. 78, (Com. App.) they are not entitled to here complain.

The judgment of the Court of Civil Appeals which affirmed the judgment of the trial court will be affirmed.

Opinion adopted by the Supreme Court November 26, 1941.