**STATE of Texas et al., Appellants,**

v.

**J. B. WALES et al., Appellees.**

Nos. 4969, 4970.

Court of Civil Appeals of Texas. Beaumont.

Sept. 23, 1954.

Appellant's Motion for Rehearing Overruled

Oct. 20, 1954.

John Ben Shepperd, Atty. Gen., Texas, Henry Gates Steen, Asst. Atty. Gen., for appellants.

Terrell Buchanan, Silsbee, E. C. Carrington, Beaumont, Walter R. Koch, Austin, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal by the State of Texas from an adverse judgment in behalf of appellees J. B. Wales, et al., in the district court of Hardin County.

Appellees, J. B. Wales, et al., brought these suits against the appellant, the State of Texas, which were in the nature of trespass to try title to lands granted to the State of Texas for highway right-of-way. The appellees first alleged that the deeds involved granted to the State of Texas a mere highway right-of-way easement and not a fee simple interest and that the appellees were the owners of the land in fee simple. The appellees acknowledged that the appellant, the State of Texas, held a valid superior highway right-of-way easement on and over the land in question. In the alternative, the appellees alleged that they were entitled to a declaratory judgment reforming such instruments by reason of the mistake of the scrivener and the mutual mistake of all parties, that they intended only to grant a mere right-of-way easement to the appellant, the State of Texas, and that A. L. Bevil, County Judge at that time, whom they alleged to be the agent of the State of Texas, intended only to receive a highway right-of-way easement. Further, the appellees alleged that if they were mistaken in the foregoing contentions, that such instruments should be reformed so as to contain reservations of all oil and gas under said highway right-of-way because of the mutual mistake of the parties to said conveyance.

After a hearing, the trial court concluded the legal effect of the instruments in question was to convey to the State of Texas fee simple title of the land in controversy and that there was mutual intent by all parties to such instrument not to pass fee simple title but right-of-way easement only to the State of Texas. The trial court then entered its final judgment reforming the instruments so as to convey to the appellant, the State of Texas, a right-of-way easement only and that the appellees do have and recover from the State of Texas the title and possession to all of the oil, gas and other minerals, and royalties, in and under the land in controversy. The suits have now been consolidated and these judgments of the trial court are duly before this court for review.

It was stipulated that the grantors, their heirs and assigns, owned all the adjoining tracts of the highway right-of-way land in dispute, but the stipulation did not cover the ownership of any of the oil and gas under the right-of-way. It was further stipulated that oil and gas is now being produced in paying quantities from the adjoining tracts, and that all the grantors in the instruments in question are deceased except J. W. Collins of Beaumont, who has been questioned by both sides prior to this hearing.

The fact was also shown that there was no oil and gas discovered or being produced on or in the vicinity of the land in dispute in 1928.

The appellees introduced into evidence the following minutes of the County Commissioners' Court of Hardin County, Texas, dated October 22, A.D. 1928:

"The State of Texas, County of Hardin, Be It Remembered that on Monday, October 22, A.D. 1928, the Honorable Commissioners' Court of Hardin County, met in Regular Session, with the following members present and presiding: Hon. A. L. Bevil, County Judge, Sam Yawn, Com'r. Prec. No. 1, H. A. Hooks, Com'r. Prec. No. 2, T. H. Williford, Com'r. Prec. No. 3, J. F. Mitchell, Com'r. Prec. No. 4, & J. J. Bevil, County Clerk when the following orders were passed, to-wit: It is ordered by the Court that all parties in Long Station through whose land Highway No. 40 goes, be paid for said land at the rate of $125.00 per acre. It is ordered by the Court that Tilman Evans be paid $300.00 for damages to his place by reason of Highway No. 40 and for right-of-way. It is ordered by the Court that there be distributed to each Commissioners Precinct $500.00 out of the General R. & B. All bills allowed as indicated by the Claim Docket. Whereupon the Court recessed until Monday, November 12, A.D. 1928. Signed A. L. Bevil, County Judge, J. J. Bevil, County Clerk."

The appellees also introduced into evidence the six instruments in controversy, all of which were executed within two to four days after the above order of the Commissioners' Court was entered. These instruments were all executed on either the 24th day or the 26th day of October, 1928. The following is a copy of the instrument by which J. B. Evans and wife granted to the appellant, the State of Texas, a part of the land in question and which is identical to all of the other deeds introduced in evidence:

"State of Texas

"County of Hardin

"Know All Men By These Presents:

"That we, J. Evans and wife of the County of Hardin and State of Texas, for and in consideration of the sum of $137.50 to us in hand paid, in cash, the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the State of Texas the following described land in Hardin County, Texas, being a part of Abstract No. 257, of the Hardin County School Survey No. 265, and being a strip 100 feet wide extending through our property in said survey covering stations 109X90 to and including station 114X30, being 1 1/10 acres on State Highway No. 40.

"It is understood and agreed that this conveyance is made for the use of public roads and State highways only.

"To Have And To Hold unto the State of Texas, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said land unto the State of Texas for the use and purposes above stated and no further.

"Witness our hands this the 24th day of Oct. A.D. 1928.

"J. Evans

"Mrs. J. Evans".

There were only two witnesses who testified in this litigation, one being Mr. A. L. Bevil, attorney at law and former County Judge of Hardin County, Texas, and Mr. Milton Hayes, District Maintenance Superintendent of the Texas Highway Department. Mr. A. L. Bevil, the witness, is the same A. L. Bevil whose name appears in the minutes of the Commissioners' Court, set out above, and he is the same A. L. Bevil who signed the minutes as County Judge.

A. L. Bevil was called by the appellees as an adverse party witness. By his testimony it was shown that he was County Judge at the time the instruments in question were taken; that he talked to all of the parties who were grantors in the instruments about selling portions of their land for right-of-way for a highway in Hardin County, and explained to them that they were not deeding their property but were conveying only the right to use it as a highway; all of the parties at first wanted more money than was paid to them in the instruments under consideration but agreed to accept the sums paid when Mr. Bevil explained that they would still be the owners of the fee title of the property subject to the easement of the State of Texas to direct traffic across their lands at the places designated in the deeds. He believed that the instruments were so worded that such was their effect. The State accepted the land conveyed or affected by the above instruments and built a highway on the said lands, and is now maintaining the highway on the lands, which highway is known as U. S. 69. Mr. Bevil said he noted the clause in the deeds reading: "It is understood and agreed that this conveyance is made for the use of public roads and State highways only," and he explained this to the different grantors as showing only the granting of an easement for highway purposes across their lands, and believed this to be the case. Mr. Bevil further testified that he knew all of these people personally and that they knew him and relied upon him and his representations to them; that it was their intention to grant and his intention to take at the time such instruments were executed only an easement for highway purposes across their lands; that if the deeds or conveyances under consideration were so written and the

legal effect of such rights is that the deeds granted a fee simple title to the State of Texas, then a fraud was worked upon those grantors; that he did not intend to take such title from them and they did not intend to grant it.

The case was tried to the court without a jury and the trial court filed, at the request of the appellant, findings of fact, among which were the following:

"5. That prior to the execution of such instruments, it was mutually understood and agreed by all parties to such instruments that the State of Texas would be granted and should have a right-of-way easement only over said land, and that the grantors, respectively, would retain and have all of the oil, gas and other minerals in and under that part of the land covered by his instrument.

"6. That the contracting parties (that is, the grantors and the grantee in such instruments) mutually agreed, mutually understood and mutually intended, both prior to and at the time of the execution and delivery of the respective instruments, that the grantors were selling, and that the grantee was buying and acquiring, a right-of-way easement only over the land described in such instruments, and that the grantors were retaining all of the oil, gas and other minerals in and under the respective tracts covered by such instruments.

"7. That such instruments were prepared by A. L. Bevil as agent for the State of Texas, and a mistake, mutual to all parties, was made in reducing the agreements of said parties to writing so that such writing did not represent the real contracts; and those parts of the instruments which are at variance with the true agreements were inserted by mutual mistake of all the parties to such instruments. That all parties were thus mistaken as to the writing and ignorant of its misstatement of the true agreements. That all of the parties to such instru-

ments were at least equally at fault and this Court finds that almost the whole fault is chargeable to the grantee, due to the representations that were made by its said agent to the grantors in said instruments as to the effect thereof.

"8. That the grantors in said instruments were not negligent in these transactions.

"9. That to refuse reformation of these instruments would permit the grantors, and their heirs, executors, administrators, grantees and assigns, to suffer a gross wrong at the hands of the State of Texas."

By its Points of Error Nos. 1, 2, and 3 the appellant contends that the judgment of the trial court was erroneous in granting reformation of the instruments in controversy because the evidence shows that if any mistake were made it was a mistake of law; that the evidence is insufficient to show a mutual mistake of fact of all the parties; that as a matter of law this was not a proper case for reformation because of mutual mistake. We believe that because of the wording of the order by the Commissioners' Court of Hardin County, quoted above, ordering the purchase of the land for right-of-way, and the unquestioned fact that the witness A. L. Bevil was acting in his official capacity as County Judge and presiding officer of said Commissioners' Court at the time he made the negotiations with the grantors leading to the purchase; because the surrounding circumstances of said negotiations testified to by him, and the inclusion in the instruments of the provision, "It is understood and agreed that this conveyance is made for the use of public roads and highways only," the evidence was sufficient to support the findings of the trial court that there was a mutual mistake on the part of both the grantors and Judge Bevil as the agent of the State and Hardin County. This was a mutual mistake of the parties which a court of equity will correct. The mistake was as to the legal effect of the terms used in

the instruments. Since it was a mistake as to the effect of the wording of the instruments, it is not necessarily beyond the reach of a court of equity to correct. See Smith v. Gilbert, Tex.Civ.App., 32. S.W.2d 901, Gilbert v. Smith, Tex.Com.App., 49 S.W.2d 702, 86 A.L.R. 445, and cases cited; Kelley v. Ward, 94 Tex. 289, 60 S.W. 311; Norris v. W. C. Belcher Land & Mortgage Co., 98 Tex. 176, 82 S.W. 500, 83 S.W. 799. Appellant's first three points are overruled.

■ Appellant's Points Nos. 4 and 6 contend that the trial court erred in holding that the State of Texas was estopped to deny that Judge Bevil, as agent, had authority to acquire the land in controversy and that the court erred in receiving his testimony in evidence as to what the grantors said to him during the negotiations. The witness Bevil was County Judge and as such was the presiding officer of the Commissioners' Court of Hardin County at the time when the right-of-way was purchased and negotiations were made with the land owners for the purchase. The purchase was authorized and ordered by the Commissioners' Court and the right-of-way thus secured through the negotiations and deals by Judge Bevil, was accepted by the State for highway purposes and it has since that time built and maintained public highways across said lands. In the absence of any evidence to the contrary it must be presumed that Judge Bevil was acting within the scope of his authority when he made the various deals with the grantors. See Pfeffer v. Mahnke, Tex.Com.App., 260 S.W. 1031; City of San Antonio v. Tobin, Tex.Civ.App., 101 S.W. 269.

■ Since his agency was thus established, Judge Bevil's testimony as to his representations to and the agreements with the land owners to secure their deeds for right-of-way purposes was properly admitted. These statements back and forth between the parties were part of the res gestae of the transaction whereby the appellant acquired this right-of-way over the lands of the grantors. If, however,

as a result of a mutual mistake or fraud, the written instruments failed to express the agreement of the parties, parol evidence was admissible to show what the agreement was. If this were not the rule the reformation or correction of a written instrument would rarely, if ever, be accomplished. Olvey v. Jones, 137 Tex. 639, 156 S.W.2d 977. Mutual mistake, where a controversy goes to the courts, will not be readily established by the admissions of the parties to be affected by the reformation of a deed or contract. Like a conspiracy a mutual mistake is generally established from facts and circumstances surrounding the parties. Bordovsky v. Dougherty, Tex.Civ.App., 106 S.W.2d 779 (writ refused). See, also, Weir v. W. T. Carter & Bro., Tex.Civ.App., 169 S.W. 1113, writ refused. This testimony by the person who negotiated the making of the instruments in controversy on behalf of the grantee itself, the appellant here, we believe to be admissible to show surrounding circumstances of the transactions.

■ By its sixth point it contends that the judgment of the trial court was erroneous because the evidence did not show that the parties wrote or drew the instruments in controversy. We consider it of no importance to this controversy that the evidence did not show with clarity who actually prepared the instruments themselves. The witness Bevil testified that he wrote in the instruments the portions which were not typed, but that he did not know whether he had dictated the other portions or not. He said, however, that he took the instruments to the grantors in pursuance of the order of the Commissioners' Court; that he purchased the right-of-way of the road for the State; that he explained and represented to the grantors that the effect of the instruments as worded was to grant an easement for highway purposes only. It is of no importance who drew the instruments. They did not express the true intention of the parties; they were, therefore subject to reformation by a court of equity.

We believe the judgment of the trial court was correct since the evidence sup-

ports the findings of fact and conclusions of law, and are in accord with the authorities submitted as to reformation of an instrument because of mutual mistake.

Affirmed.