Amado SALDANA, Jr., Appellant,

v.

Maria Saldana GARCIA et vir., Appellees.

No. 12790.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 26, 1955.

Rehearing Denied Feb. 23, 1955.

Homero M. Lopez, Kingsville, Raeburn Norris, Alice, for appellant.

Gus L. Kowalski, Kingsville, Chas. G. Lyman, Corpus Christi, for appellees.

NORVELL, Justice.

Appellant, Amado Saldana, Jr., and appellee Maria Saldana Garcia are brother and sister. Their parents were Amado Saldana, Sr., and Gila Saldana. A third child of the family, named Agustin Saldana, died on February 5, 1952. The judgment of the trial court decreed that Amado Saldana, Jr., and Maria Saldana Garcia were equal co-owners in certain property described in the judgment. Amado Saldana, Jr., claimed that he was the owner of a three-fourths interest while his sister owned a one-fourth interest only. The case was tried to a jury and the appellant submits the appeal upon one point of error, viz.:

"The judgment of the trial court is not supported by the findings of the jury or the conclusive evidence, and the trial court therefore erred in entering same."

Appellant filed a motion for judgment on the jury's findings, which was overruled by the court. No motion for new trial was filed. Appellee filed a motion for judgment embodying substantially three contentions, viz., that there was no evidence supporting certain designated findings; that an instructed verdict for appellee should have been given, and that appellee was entitled to one-half of the property, or the greater portion thereof, by inheritance from her deceased brother, Agustin Saldana.

The judgment does not explicitly state on which theory the trial court rendered judgment, but appellant having filed no motion for new trial is under the necessity of showing that the court erred in rendering judgment non obstante veredicto, or notwithstanding the finding of the jury on one or more special issues, or in failing to grant his motion for judgment on the verdict of the jury. Rule 324, Texas Rules of Civil Procedure.

564

The sufficiency of appellant's point is seriously challenged by the appellee. In determining both the sufficiency and the merits of the point, we will look to the statement and argument thereunder. Fambrough v. Wagley, 140 Tex. 577, 169 S.W. 2d 478.

Appellant's motion for judgment simply asserts that he is entitled to judgment for three-fourths of the property involved by reason of the jury's findings. His point likewise makes this statement, coupled with the assertion that the conclusive evidence does not support the judgment. However, no attempt is made to show that there is evidence supporting the verdict. We think it reasonably appears that the judgment in dispute was rendered notwithstanding certain of the jury's findings, or upon the theory that the legal title to the property was vested in Agustin Saldana at the time of his death, and consequently devolved upon his surviving sister and brother in equal portions. Appellee in her brief points out the evidence, adduced upon the trial, which she contends conclusively shows that a small grocery business was a family venture operated for the benefit of Amado Saldana, Sr., Gila Saldana (until their death) and their three children, or alternatively was owned and operated by Agustin alone, together with evidence that the property involved was purchased from the proceeds and profits of such grocery business. Despite these specific statements and references to the statement of facts, appellant in his reply brief has not attempted to contradict them. He has failed to show that there was evidence that he and his brother, Agustin, owned the grocery business and property to the exclusion of the other members of the family. No reversible error is disclosed, for if Agustin owned the business alone, or if the Amado Saldana, Sr., family owned it, the appellant and appellee, as the heirs at law of Agustin or the surviving members of the family which originally included Amado Saldana, Sr., Gila Saldana and Agustin Saldana, would own the property in equal proportions. This was the judgment of the court, and it is accordingly affirmed.