**FIREMAN'S FUND INDEMNITY COMPANY et al., Appellants,**

v.

**BOYLE GENERAL TIRE COMPANY, Inc., Appellee.**

**No. 4200.**

Court of Civil Appeals of Texas.

Waco.

July 30, 1964.

Rehearing Denied Aug. 27, 1964.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellants.

Tom Moore, Jr., Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment reforming an employee fidelity bond issued by defendant, and awarding plaintiff judgment for $9350. against defendant on such bond.

Plaintiff Boyle (among other things) alleged that he was owner of 2 businesses, Boyle General Tire Company and A 1 Brake and Tire Company; that E. C. Robinson, acting as agent for defendant Fireman's Fund Indemnity Company, falsely represented to him that he would deliver to him a fidelity bond protecting him from dishonest acts of employees, of both Boyle General Tire, and A 1 Brake and Tire; that employees of A 1 Brake and Tire, Hammit and Bridges, embezzled moneys; and that defendant's bond did not show A 1 Brake & Tire as an insured. Plaintiff prayed that defendant's bond be reformed to show A 1 Brake and Tire Company as an insured, and for judgment on the reformed bond, for the amounts of money embezzled by Hammit and Bridges.

Trial was to a jury which found "that E. C. Robinson, as agent for Fireman's Fund Indemnity Company, represented to E. C. Boyle, in consideration of the premium charged, that said Fireman's Fund would deliver to Boyle a commercial blanket bond insuring A 1 Brake and Tire Company against dishonest acts of its employees." The jury further found such representations were a material inducement to Boyle to apply for the bond and pay the premiums; that Hammit wrongfully took $5600. and Bridges wrongfully took $3750, from A 1 Brake and Tire Company; and acquitted Boyle of negligence, in failing to discover the omission of A 1 from the policy, prior to the time he actually discovered such.

The Trial Court entered judgment reforming the fidelity bond to include A 1 Brake and Tire as a named insured, and rendered judgment against defendant Indemnity Company for $9350. on such bond.

Defendant Indemnity Company appeals, contending the trial court erred in entering judgment for plaintiff because:

1) There is no evidence, or insufficient evidence, to support the jury's findings of agency and misrepresentation.

2) Plaintiff failed to plead and prove necessary requisites for reformation of the policy.

3) Plaintiff's claim was barred by the Statute of Limitations and Laches.

4) The confessions of the 2 employees accused of embezzlement were improperly admitted into evidence.

5) Testimony regarding an offer of settlement was improperly admitted into evidence.

We revert to defendant's 1st contention that there is no evidence, or insufficient evidence, to support the jury's finding of agency and misrepresentation.

Robinson testified that he had a written contract of agency with defendant Fireman's Fund; that he was supplied with printed form insurance and indemnity contracts; that he was an authorized agent; that such policies were not effective until countersigned by him, and that he had authority to bind defendant company. Robinson actually issued a fidelity bond covering plaintiff's employees at one of the businesses, but did not include A 1 Brake and Tire Company as an insured; and later (after the losses herein), issued a renewal bond including A 1 as an insured (both in behalf of defendant Indemnity Company, and on its forms). Defendant offered no evidence denying Robinson's agency, and requested no issues on the question.

Agency is a question of fact. Overland Sales Co. v. American Indem. Co., CCA (n. w. h.) 256 S.W. 980. Agency and the extent of an agent's authority may be

shown by circumstantial evidence. Nat. Guaranty Fire Ins. Co. v. King, CCA W/E Ref., 24 S.W.2d 501; Standard Fire Ins. Co. v. Buckingham, CCA (n. w. h.) 211 S.W. 531. The Buckingham case holds: "The fact that a fire insurance agent has the policies of an insurance company signed by its officials, to become effective when countersigned by an agent, is sufficient evidence of agency for such company." See also: 3 C.J.S. Agency § 317, p. 259; 3 Am. Jur.2d, Secs. 350–355, p. 707–714; United Brotherhood of Carpenters, etc. v. Humphreys, 203 Va. 781, 127 S.E.2d 98, 102, cer. den., 371 U.S. 954, 83 S.Ct. 509, 9 L.Ed.2d 501; Yarborough v. Fulton, CCA, W/E Dis., 78 S.W.2d 247.

Plaintiff Boyle testified that Robinson assured him that A 1 Company would be fully insured, including fidelity bond coverage from the time it opened for business; that such coverage was ordered by Boyle, and Robinson specifically agreed to write the same, and that Robinson even instructed Boyle in the procedure to be used under fidelity bond coverage in transferring employees from Boyle General Tire Company to A 1 Company.

We think the record ample to sustain the jury's finding as to Robinson's agency for defendant, and misrepresentations.

■ Defendant's 2nd contention is that plaintiff failed to prove necessary requisites for reformation of the policy. Plaintiff plead mistake on the part of Boyle, and misrepresentation on the part of Robinson. Where there has been a mistake of one party, accompanied by fraud or misrepresentation of the other party, the instrument may be made to conform to the agreement entered into according to the intention of the parties. Long Bell Lumber Co. v. Lowry, CCA, (n. w. h.) 31 S.W.2d 345; Conn v. Hagan, 93 Tex. 334, 55 S.W. 323; Aetna Ins. Co. v. Brannon, 99 Tex. 391, 89 S.W. 1057, 2 L.R.A.,N.S., 548; Cranfill-Reynolds v. Security Ins. Co., Com.App., 67 S.W.2d 258; Automobile Ins. Co. v.

United Elec. Serv. Co., CCA, n. r. e., 275 S.W.2d 833.

■ Defendant's 3rd contention is that plaintiff is barred by the Statute of Limitation and by Laches. The record reflects and the jury found that plaintiff first knew or should have known of the thefts in November, 1960; and that plaintiff first discovered or should have discovered that the policy did not name A 1 as a named insured in October, 1962. Limitation does not commence to run under the facts at bar until damage based on the misrepresentations is or reasonably should have been discovered. The instant suit was filed on October 6, 1961, and all ultimate issues and parties were joined by amended pleadings on November 5, 1962. The cause is not barred by Limitation or Laches.

■ Defendant's 4th contention complains that the Trial Court erred in admitting into evidence an offer of settlement. The matter was brought out by counsel for plaintiff after counsel for defendant, by his interrogation of plaintiff, invited same. In any event, the matter is at most harmless error.

■ Defendant's final contention is that the Trial Court erred in admitting into evidence the confessions of Hammit and Bridges, whereby they admitted to the embezzlement of $5600. and $3750. respectively. The Indemnity Company, Robinson, Hammit and Bridges were all defendants in the case. Plaintiff offered the confessions in evidence and counsel for all defendants objected that such were not admissible with respect to Fireman's Fund and Robinson. Counsel for plaintiff urged that the confessions were admissible against Hammit and Bridges. The court overruled the objection; and counsel for defendants asked to take the witness Boyle on voir dire, whom he interrogated at length with reference to the making of the confessions by Hammit and Bridges. At the conclusion of his examination, counsel for defendants

stated to the court: "I asked for the voir dire going to the admissibility of this. I think probably you should go ahead and let it go to the jury and with an instruction to disregard it if they find." While the Trial Court should have instructed the jury that the confessions were admissible as to the defendants Hammit and Bridges only, under the record before us we think defendants waived the error, if any, and in any event same is harmless.

All of defendants' points and contentions have been considered and are overruled. The judgment of the Trial Court is affirmed.