T. E. McCLANAHAN, Appellant,

v.

Adrian COOK, Appellee.

No. 7593.

Court of Civil Appeals of Texas.

Amarillo.

March 14, 1966.

Rehearing Denied April 11, 1966.

Benson & Benson, Lubbock, for appellant.

Thomas W. Gamblin, Post, for appellee.

CHAPMAN, Justice.

This is a venue case. Plaintiff below, appellant here, T. E. McClanahan of Lubbock County sued Adrian Cook of Garza County in the former county for damages to his automobile received while sitting on a parking lot in Slaton resulting from a stock trailer with five calves breaking loose from the pickup pulling it, leaving the highway, and running into the parked 1963 Chevrolet.

Appellee filed in due form his plea of privilege to be sued in Garza County, his domiciliary residence. The plea was controverted by an allegation relying upon Exception 9a of Article 1995, Vernon's Ann.Tex.St. That exception as material to this cause reads:

"Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred * * *. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries."

The court after hearing the evidence offered by both parties sustained the plea of privilege and transferred the case to the adjoining county, Garza County.

We hold that appellant failed in his brief to sustain the burden required under the exception to exclusive venue relied on.

The testimony shows appellant was sitting in the office of the Texaco Bulk Plant, where he works, when he heard a noise. He "* * * finally got up and went to the door and looked." He saw a two-wheel stock trailer "setting under the backend of my car."

He first testified he found the pin that came out of the trailer hitch, that it was a regular bolt 4½ to 5 inches long with no place for a cotter pin or wire to pass through the bottom and no place that a "half-moon" attachment could have been a part of it and become detached. He testified he gave the bolt to an officer but he never produced it at the plea of privilege hearing. He then testified on cross-examination that he did not know the bolt he picked up came off appellee's pickup; that it could have been out of a trailer or a truck that had been by there earlier in the day. The record is void of any information as to how the trailer became detached from the pickup, and appellant has wholly failed to brief the one point raised in his brief to the effect that the court erred in failing to find that an act or omission of negligence by appellee occurred in Lubbock

County, which was a proximate cause of appellant's damage.

Rule 418, Vernon's Ann. Texas Rules, provides the brief of appellant shall contain, inter alia, *a discussion* of the facts and *the authorities relied upon as requisite to maintain the point at issue.* Numerous courts have held that where points are not briefed by appellant they may be assumed as waived. Whitson Company v. Bluff Creek Oil Company, Tex.Civ.App., 278 S.W.2d 339, affirmed 156 Tex. 139, 293 S.W.2d 488; Weatherred v. Kiker, Tex. Civ.App., 357 S.W.2d 182 (N.R.E.); Butterfield Sales Company v. Armstrong, Tex. Civ.App., 278 S.W.2d 194 (N.R.E.); Grady v. Dallas Railway & Terminal Company, Tex.Civ.App., 278 S.W.2d 282 (N.R.E.); Stanford v. Brooks, Tex.Civ.App., 298 S. W.2d 268 (N.W.H.); Pride v. Pride, Tex. Civ.App., 318 S.W.2d 715 (N.W.H.); Hall v. Hall, Tex.Civ.App., 352 S.W.2d 765 (N. W.H.); Kirkman v. Alexander, Tex.Civ. App., 280 S.W.2d 365 (N.R.E.); Kitchens v. Kitchens, Tex.Civ.App., 372 S.W.2d 249 (writ dismissed).

That the citation of authorities constitutes one of the components of a brief has long been recognized by our courts, even before the promulgation of the above stated rule. Even before the adoption of our present Rules of Civil Procedure, when propositions were required instead of points the Supreme Court of Texas in Shanks v. Carroll, 50 Tex. 17, 20 said:

> "The brief contemplated and required by the rules should, in short, embrace nothing but the propositions—set forth clearly, distinctly, and separately—relied upon for the reversal of the judgment, the matters in the record pertinent to the proper determination of each proposition, *and a citation simply of the authorities relied upon to maintain the validity or correctness of the propositions thus asserted; * * *.*" See also Haley v. Davidson, 48 Tex. 615, 618.

Appellant here has not cited any common law or statutory authority; no textual state-

ment from any text book; no case law; no law review or Texas Bar Journal statements; nor even a case note nor comment therefrom to support the point he relies on for reversal of the trial court judgment. (All emphases herein are ours.)

In any event, under the record before us, the trial court properly sustained the plea of privilege. Exceptions to the venue statutes must be strictly construed and clearly established before a citizen can be deprived of his right to be sued in the county of his domicile. Watkins v. Mc-Cluskey, Tex.Civ.App., 284 S.W.2d 381 (N.W.H.); Brown v. Clary, Tex.Civ.App., 315 S.W.2d 385 (N.W.H.); Old Lincoln County Mut. Fire Ins. Co. v. Hall, Tex.Civ. App., 214 S.W.2d 203 (N.W.H.).

The positive evidence of appellee shows that at the time of the accident he was using the same type pin in his trailer hitch that is used in 85 per cent to 90 per cent of the trailers in Garza County and at least 75 per cent in Lubbock County. This testimony was corroborated. The testimony shows that the pin being used on the day of the accident had a half-moon safety type device about the size of a lead pencil that attached to the top of the pin, then hooked under the tongue of the trailer, which in effect locked the pin into the hole through which its lower extremity extended; that appellee had checked it before leaving his place in Garza County; and that it was in proper place. He also testified he had purchased it new in November before the accident in the following January and in effect that it was not deteriorated.

An examination of the evidence introduced has led us to the conclusion that no specific act of negligence, either active or passive was proved on the hearing, and that if such evidence would fix liability upon appellee, it would be under the rule of res ipsa loquitur, which we do not believe his point raises.

The judgment of the trial court is affirmed.