**Edgar H. EGGERT, Appellant,**

v.

**AMERICAN STANDARD LIFE INSURANCE COMPANY, Appellee.**

No. 177.

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

Rehearing Denied June 16, 1966.

McDonald & Spann by Bob J. Spann, Corpus Christi, for appellant.

Fischer, Wood, Burney & Nesbitt by James P. Ryan, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

This is a suit for recovery on a dreaded disease protection type insurance policy, brought by Edgar H. Eggert, appellant, against American Standard Life Insurance Company, appellee. The parties will be referred to as they were in the trial court. The defendant insurance company filed a motion for summary judgment contending that the plaintiff's child was not listed on the policy as a named insured and therefore he was not covered as a matter of law. The plaintiff-father also filed a motion for summary judgment contending that as a matter of law his child was included, and if not then there were issues of fact that would make his child a named insured, which should be tried before a jury. The trial court granted the defendant insurance company its motion for summary judgment and denied plaintiff's motion. The plaintiff has perfected his appeal to this court.

The plaintiff, while attending law school, sold insurance for the defendant insurance company on a part-time basis. The policy of insurance named ten dreaded type diseases that certain benefits could be secured. This particular type of policy had two set fixed premiums, one of $5.00 annually for an individual, and the other of $10.00 annually for the family. The policy provided that it was non-cancellable and guaranteed renewable for life.

The plaintiff made application for this policy in January of 1951, listing his wife, one child and himself as "persons to be insured". Thereafter, the plaintiff renewed this policy of insurance annually for several years in its same form. During the intervening years, the plaintiff had born to him and his wife two additional children. These children's names were never added to the policy of insurance nor was any request made by plaintiff to the defendant insurance company for the addition of these two additional children, until one of them contracted one of the dreaded diseases named in the policy of insurance.

In May, 1956, the plaintiff's son, Mark Wayne Eggert, age seven months, was diagnosed as having poliomyelitis. The next day the plaintiff notified the defendant insurance company to the effect that he had three children (naming them) and requested blanks to establish a claim on his youngest child. The company acknowledged that plaintiff's policy of insurance was in force. However, the company denied liability because Mark Wayne, plaintiff's youngest child, was not named in the policy as an insured. The defendant company did, however, add as a named insured plaintiff's other after-born child upon surrender of the policy, without any additional premium.

The plaintiff pleaded that the subject policy was a "family policy" and that the plaintiff was led to believe and did believe that the policy covered his entire family and any additions thereto including after-born children. Appellant's points on appeal were as follows:

(1) that the trial court erred in granting a summary judgment against the plaintiff because there were material issues of fact raised by the pleadings and affidavits; (2) that the trial court erred in not reforming the policy to cover Mark Wayne Eggert from birth; and (3) the trial court erred in not holding that plaintiff could recover for the expense of Mark Wayne Eggert as alleged because it was undisputed that after-born children were to be covered and that the defendant company would suffer no loss by adding the name of Mark Wayne Eggert after he was afflicted. We will consider all these points together.

The application for insurance dated January 10, 1951, stated that:

"I hereby apply to the American Standard Life Insurance Company, Fort Worth, Texas, for its Dreaded Disease Policy and for that purpose make the following statements:

Name of Premium Payor   EDGAR H. EGGERT, JR.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Beneficiary for Premium Payor   MRS. EVELYN S. EGGERT

PRINT NAMES OF ALL PERSONS TO BE INSURED
IN THE SPACE BELOW
(*Must not be under 3 months of age*)

| NAME<br>(please print) | RELATIONSHIP<br>to premium payor | AGE |
| --- | --- | --- |
| EDGAR H. EGGERT, JR. | xxxxx | 27 |
| EVELYN S. EGGERT | Wife | 28 |
| CAROL KAY EGGERT | Daughter | 5 |

Annual Premiums: Individual, $5.00 1st & renewal years; Family, $10.00 1st & renewal years.

Installment Premiums: Individual $2.00 in advance each 30 days until $6.00 is paid in each year; Family, $2.00 in advance each 30 days until $12.00 is paid in each year.

Do you or any of the *foregoing* have, have you had or been told by a doctor that you had Poliomyelitis, Small Pox, Diphtheria, Epidemic Cerebro-Spinal Meningitis, Scarlet Fever, Tetanus, Rabies, Encephalitis, Leukemia, Tularemia?   No.   . If so, give full details          .

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Signature of Applicant (premium payor) /s/ Edgar H. Eggert, Jr.

Mail policy to agent (x) Applicant (x) /s/ Edgar H. Eggert, Jr., Agent."

(emphasis supplied)

It is to be noted that the application does not state that it is a "Family Policy", nor did the applicant (plaintiff) as agent or insured include a request for after-born children to be included as "insureds".

The policy was issued on January 15, 1951. All pertinent portions are as follows: (emphasis supplied)

"PART A

IN CONSIDERATION of the payment in advance of the premiums required herein when due, *hereby insures*

EDGAR H. EGGERT, JR.
EVELYN S. EGGERT
CAROL KAY EGGERT

*each person name above* against specified accidents and disability as set out * * *

PART B

*If any Insured* shall become afflicted with any disease mentioned in the Insuring Clause, * * *

PART C

*If any Insured* shall sustain bodily injuries solely as a result of accidental means, * * *

PART D

If poliomyelitis only as herein defined, contracted while this policy is in force * * *, then upon the filing of due proofs of such loss under this section within six months from the onset of poliomyelitis by

(a) the Insured, if then living, or,

(b) if the Insured be deceased, his or her Beneficiary,

the Company will pay, at the option of the claimant * * * (lump sum amount).

### STANDARD PROVISIONS

1. * * *

2. No statement made by the applicant for insurance not included herein shall avoid the policy or be used in any legal proceeding hereunder. No agent has authority to change this Contract or to waive any of its provisions. *No change in this Contract shall be valid unless approved by an executive officer of the Company, and such approval be endorsed hereon.*"

------◆------

There is nothing in the policy itself to indicate that it was a "Family policy".

The plaintiff-appellant admits that the application forms a part of the contract and that neither the application nor the policy has any statement concerning after-born children. Actually, plaintiff-appellant contends that although Mark Wayne Eggert's name has never appeared upon the policy in question he is still entitled to recover: (1) because the contract of insurance shows it to be a family type policy covering the named insureds plus all additions to the family or (2) in the alternative that such policy is misleading and therefore the defendant company is estopped to deny that Mark Wayne is entitled to the protection on such policy. These two counts are premised upon plaintiff's theory that the contract in question is ambiguous with regard to the persons intended to be covered. Appellant argues that because he, the plain-

tiff, surrendered his policy to the defendant company, and they voluntarily added as a named insured one of his after-born children without any additional costs, and since the policy does not say how after-born children shall be treated, therefore the court is required to construe the entire insurance contract in such a manner as to effectuate, if possible, the obvious intention of the parties to the contract to include after-born children. He cited Massachusetts Bonding & Ins. Co. v. Wooley, Tex.Civ.App., 179 S.W.2d 329, and other cases in support of his contention that lack of clarity in the meaning of an insurance policy requires the courts to interpret the policy against the insurer and liberally in favor of the insured, and further that insurance policies will be construed more strongly against the company writing it.

The rule that insurance contracts are to be interpreted in favor ⌄f the insured and against the insurer rests upon the premise that the policy or contract of insurance is ambiguous or of doubtful and uncertain meaning. Insurance policies being contracts, they are governed by rules of interpretation that are applicable to contracts generally. 32 Tex.Jur.2d, § 54, p. 102. It is the function of the court to construe and enforce the contract as it is written where the terms of the contract are plain and unambiguous. Republic National Life Insurance Co. v. Spillars, 368 S.W.2d 92, 5 A.L.R.3d 957 (Supreme Court 1963). The court cannot under the guise of judicial construction or interpretation make a new contract for the parties or one different from that which they intended to make. 44 C.J.S. Insurance § 290, p. 1143. See 13 Tex.Jur.2d § 109, p. 261 and cases cited therein. Where no ambiguity exists, parol evidence is not admissible in an attempt to create an ambiguity in the contract. See Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154, 157 (1951). Ambiguity of a contract does not appear until the application of pertinent rules of interpretation to the fact of the instrument leaves it genuinely uncertain which of two

or more meanings is the proper meaning. Universal C.I.T. Credit Corp. v. Daniel, supra; 44 C.J.S. Insurance § 297c (2), pp. 1190–1196.

The policy says: "This contract includes the endorsement and attached papers, if any, and contains the entire contract of insurance." Mark Wayne's name was not listed as a named insured nor did the policy contain any provision to include after-born children. The plaintiff-appellant being both the insured and agent for the company did not include "all after-born children" as insureds in his application for insurance. The only time that the word "family" is used at all, is in the application, and it is used in the context of determining the cost of the premium. There was no language in the contract which can be construed to extend the benefit to any other person as insured other than those named as insureds in the policy.

After plaintiff's son had contracted the disease, and upon notification of such, the defendant company added by endorsement as a named insured, the other after-born child of the plaintiff. This the company had the right to do. The company received a sufficient consideration for agreeing to extend the coverage to this additional child by virtue of the fact that the plaintiff continued to pay his premiums. Had the defendant company refused to extend such coverage when requested to do so, it might merit a cancellation of the policy by the appellant. Although the defendant did not have the right to cancel the policy as to insureds listed on the face of the policy (non-cancellable and guaranteed renewable for life) it did have a right to refuse to accept additional parties. Appellant has not referred us to any place in the contract of insurance where the defendant-appellee agreed to assume the obligation concerning after-born children.

Plaintiff-appellant's contention that Mark Wayne's name should be added to the

policy from the date of his birth is contradictory to the terms of the contract itself. The application which appellant signed both as applicant for insurance and as agent for the company, reads that persons could not be covered unless they were more than three months of age. Furthermore, the application made certain inquiries concerning the health of an applicant to be a named insured which had to be answered favorably before the policy could be issued. We fail to find anything in the policy or the affidavits that would entitle plaintiff's afterborn child to be covered as an insured without additional increase in premium, without examination, and/or that coverage would commence at the date of his birth.

█ Appellant further contends that the defendant company would have added Mark Wayne's name to the policy when it added his other after-born child's (Richard Lane) name without any increase in premium except for the fact that Mark Wayne had polio. Appellant argues that it is therefore conclusive, that appellant had the option to add his after-born children to the policy and although the exception is not expressed in the contract, it is obviously there. In this connection the appellant's third alternative contention, set forth in his pleadings, was that the policy of insurance is in error by reason of mutual mistake of the parties and should be reformed by the court so as to list the name of Mark Wayne as a named insured thereon. In this connection, appellant asks the court to rewrite the contract of insurance to the extent of placing the name of Mark Wayne on the face thereof and to treat such contract as if his name had appeared thereon prior to the time that the child was stricken with poliomyelitis. This contention is without merit because the failure to endorse on the policy of insurance the name of Mark Wayne at the time it was issued could not have been a mutual mistake when the child was not born until several years after plaintiff made application for the policy. The only part of either of appellant's affidavits that we can find that could possibly be construed as

raising a fact issue of mutual mistake is in the affidavit plaintiff filed in support of his motion for summary judgment where he says: "I was also instructed and informed that this included all the members of the immediate family and that children born subsequently to the issuance of the policy were covered as members of the family without additional increase in premium and without examination, and that coverage commenced at the date of birth."

█ Appellant's global statement that he has personal knowledge of every statement in his affidavit, fails to show what specifically was told him, or by whom, or when. See Harang v. Aetna Life Insurance Company, 400 S.W.2d 810, 814 (Tex. Civ.App.1966). The plaintiff-appellant does not contend nor does he say under oath that this statement induced him not to read his policy of insurance. Fireman's Fund Indemnity Co. v. Boyle Gen. Tire Co., Tex. Civ.App., 381 S.W.2d 937, affirmed 392 S.W.2d 352 (Supreme Court 1965). He does not contend nor state that he did not read the policy of insurance. He does not say in his affidavit that he believed or relied upon such statement; and finally, in neither affidavit does the plaintiff state that he would not have purchased this policy had he known that it was not a correct statement. Mutual mistake has been defined as "one common to both parties to a contract, each laboring under the same misconception; more precisely, it is one common to both or all parties, wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provisions of a written instrument designed to embody such agreement." 17 C.J.S. Contracts § 144, p. 894. The test is to determine if a mutual mistake existed as to what the parties intended the instrument should contain prior to and at the time of its execution. Thomas v. Baptist Foundation of Texas, Tex.Civ.App., 123 S.W.2d 440, 448, (1939, wr. dism., judg. corr.). We cannot find in his petition or affidavits where the mistake he contends is mutual.

The policy in question is very clear concerning persons named as insureds. It was said by our Supreme Court in Fireman's Fund Indemnity Co. v. Boyle Gen. Tire Co., 392 S.W.2d 352, that:

"* * * The rule followed in Texas is that an insured who accepts a policy without dissent, is presumed to know its contents, but the presumption may be overcome by proof that 'he did not know its contents when it was accepted, as by showing that when he received it he put it away without examination, or that he relied upon the knowledge of the insurer and supposed he had correctly drawn it.' "

No such contention that would overcome the rule of presumed knowledge on the part of the insured has been alleged or stated as a part of his affidavits. Here the plaintiff insured states that he was an attorney and that the facts are undisputed that he was the agent for the company. In view of this it would seem that he would be bound by the unambiguous policy as written. Republic National Life Insurance Company v. Spillars, supra.

The rule concerning summary judgments is that if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law, then the motion for summary judgment should be granted. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. There is no allegation of fraud and no genuine issue of any material fact that would entitle the plaintiff-appellant to a reformation because of mutual mistake. Appellant's affidavits concerning expenses incurred presented mere conclusions and therefore even if material, do not raise an issue of fact. Rule 166–A, Texas Rules of Civil Procedure. We hold that the trial court acted properly in granting appellee's motion for summary judgment.

Appellant's points are overruled. Judgment of the trial court is affirmed.