**W. A. SNELLINGS et al., Appellants,**

**v.**

**T. J. SNELLINGS et al., Appellees.**

**No. 5107.**

Court of Civil Appeals of Texas, Waco.

May 18, 1972.

Rehearing Denied June 15, 1972.

C. O. McMillan, Stephenville, for appellants.

Campbell & Crouch, Hamilton, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from judgment setting aside two deeds on ground of mutual mistake and decreeing plaintiffs and defendants an undivided one-half equal acreage, in a 229.24 acre tract of land.

Plaintiffs are the children of A. O. Snellings; defendants are the children of H. E. Snellings. A. O. Snellings and H. E. Snellings were brothers, and the children of H. A. J. and Mary Snellings. Plaintiffs alleged that in April 1932, A. O. Snellings, their father, agreed with defendants, to partition the land left by their parents and grandparents H. A. J. and Mary Snellings; that the parties employed a surveyor J. R. McMillan to survey and divide the land into two tracts of equal acreage; that relying on the field notes of the surveyor the parties executed warranty deeds to each other conveying to the other what was thought to be one-half of the H. A. J. and Mary Snellings land; that surveyor McMillan erroneously computed the acreage of the land to be 240 acres, and erroneously computed his division of the same, which was conveyed by the parties to each other, to be two tracts containing 120 acres each; that all the parties relied on this erroneous and incorrect information, by mutual mistake accepted the field notes as equally dividing the land as to acreage, and executed their deeds to each other for 120 acres each, based on such erroneous information; that plaintiffs learned by a later survey that the total acreage is only 229.24 acres, and that the part deeded to A. O. Snellings was only 94.08 acres, while the part deeded by A. O. Snellings to defendants contained 135.16 acres. Plaintiffs plead a mutual mistake in the 1932 exchange of deeds, and prayed for judgment declaring such deeds invalid and void, and for a division and partition whereby one-half of the 229.24 acres be partitioned to plaintiffs, and one-half to defendants.

Defendants by answer denied mutual mistake, alleged the division was made as intended by the parties; and plead the four-year statute of limitations in bar of plaintiffs' suit.

Trial was before the court which rendered judgment finding the 1932 deeds were executed by mutual mistake of the parties so as to render same void and invalid as partitioning the lands intended by the parties, and decreed plaintiffs and defendants entitled to recover an undivided one-half equal acreage of the 229.24 acre tract. The trial court further appointed Eugene Angerman, a surveyor, to survey and partition the land equally as to acreage, and report such partition survey to the court within 30 days.

Defendants appeal on 7 points contending:

1) There is no evidence or insufficient evidence that all parties to the 1932 deeds were mutually mistaken at the time of the execution and delivery of such deeds.

2) The trial court erred in not sustaining defendants' plea of the four-year statute of limitations.

Defendants' 1st contention that there is no evidence or insufficient evidence that all parties to the 1932 deeds were mutually mistaken at the time of the execution and delivery of such deeds.

H. A. J. Snellings and wife Mary Snellings owned the land here involved. In 1932 after their deaths, A. O. Snellings (father and predecessor of plaintiffs), and defendants, employed surveyor McMillan to survey and divide such land into two equal parts. McMillan surveyed the tract, mistakenly found it to contain 240 acres, and surveyed two portions thereof, mistakenly found to contain 120 acres each, and prepared field notes for each tract, which

A. O. Snellings and defendants used in executing and delivering partition deeds to each other. The two tracts were never fenced off from each other, but were treated as if an equal acreage division had been made from 1932 until 1969. J. B. Ratliff leased the entire tract for 18 years for $240. per year, for which he paid $120. per year to plaintiffs, and $120. per year to defendants. In 1969 in view of a possible sale of plaintiffs' portion, a survey of the place was made by surveyor Angerman who found the tract contained a total acreage of 229.24 acres; the tract conveyed to A. O. Snellings contained 94.08 acres; and the tract conveyed to defendants contained 135.16 acres. Defendant W. A. Snellings, who participated in the employment of surveyor McMillan in 1932, testified as to the mistake of surveyor McMillan, that none of the parties were aware of it, but relied on his survey and field notes in executing the partition deeds.

■ The evidence is ample to sustain the trial court's finding of mutual mistake in the execution of the deeds.

■ The mistake of the surveyor under the record is such mistake as to afford ground for reformation for mutual mistake. Louviere v. Power, Tex.Civ.App., NRE, 389 S.W.2d 333; Hill v. Brockman, Tex.Civ.App., NWH, 351 S.W.2d 934; Bates v. Lefforge, Com.App., 63 S.W.2d 360; Olvey v. Jones, 137 Tex. 639, 156 S. W.2d 977.

Defendants' 2nd contention is that the trial court erred in not sustaining their plea of the four-year statute of limitations. The deeds were executed and delivered in 1932. There was no attempt to physically divide the land and an equal division of lease revenues was made from 1932. No circumstance is shown to put any party on notice of the mutual mistake and division, which was contrary to the parties' intention until the later survey was made by Angerman in 1969.

■ The four-year statute of limitation (Article 5529, Vernon's Ann.Tex.Civ.St.) does not begin to run on an action to correct mistakes in deeds, until the mistake is either discovered by the grantee or should have been discovered by the exercise of such diligence as would have been exercised by a person of ordinary care and prudence. Kennedy v. Ellisor, Tex.Civ. App., Er. Ref. 154 S.W.2d 284. The parties were in peaceable possession of the tracts through their joint tenant, and no portion of the land had ever been sold.

 As long as no rights of bona fide innocent purchasers have intervened, actions or defense by persons in peaceable possession, based on mutual mistake in deeds, are not barred by the four-year statute of limitation. (V.A.T.S. Art. 5529). Sullivan v. Barnett, Tex., 471 S.W.2d 39.

■ The four-year statute of limitation under the record did not commence to run until 1969, thus does not bar the plaintiffs' suit.

All of defendants' points and contentions have been considered and are overruled.

Affirmed.