**Lela N. CLARK et al.,**
**Appellants,**

v.

**Viola Keeton BREWER,**
**Appellee.**

**No. 781.**

Court of Civil Appeals of Texas,
Corpus Christi.

June 28, 1973.

Rehearing Denied July 31, 1973.

**958**

Charles R. Cunningham, Corpus Christi, for appellants.

Allison, Maddin, White & Brin, Ronald B. Brin, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a rear-end collision case involving a claim for personal injuries for automobile damages suffered by the plaintiffs. The case was tried before a jury. The jury refused to find the defendant negligent. The plaintiff appeals.

This is the second appeal of this case. In the first appeal (Clark v. Brewer, 471 S.W.2d 639 (Tex.Civ.App.—Corpus Christi 1971) the jury found the defendant failed to keep a proper lookout and failed to make proper application of her brakes and that such failures were a proximate cause of the collision in question. The first appeal involved the question of damages. In that appeal the jury's award of damages was inadequately based on the evidence, and the case was therefore reversed and remanded.

In this appeal the jury refused to find from a preponderance of the evidence that the defendant failed to keep a proper lookout, and refused to find that the defendant failed to make proper application of her brakes to avoid colliding with the plaintiff's automobile. The plaintiff contends in two points of error that the jury's answers to Special Issues numbers 1 and 3 are against the great weight and preponderance of the evidence.

The plaintiff's and defendant's versions of how the accident took place are conflicting in many facets. The plaintiff testified that she approached the intersection of Gollihar and Airline Boulevard in the City of Corpus Christi and stopped in obedience to a traffic light. A moment or two later the defendant rear-ended the plaintiff's automobile, causing it to move forward. The evidence showed that the plaintiff's husband was not injured, but that the plaintiff sustained a whip-lash type injury. The speed of defendant's vehicle was 9.54 miles per hour, according to a reconstruction expert.

The defendant testified that she was on her way to Flour Bluff, an addition on the outskirts of the city. She stated that as she approached the intersection near where the collision occurred, and when she got within a half a block of the intersection to

where the street jogs, she noticed that there was some traffic up ahead of her at the intersection. She stated that the light was red at that time. She testified, in effect, that she took her foot off the accelerator and eased on up to the intersection. She stated that when she was about a half block away she had an urge to sneeze. She reached for some Kleenex and was feeling around on the seat for it about the time the light turned green. She continued and coasted on up to the traffic light ahead of her when she noticed that the vehicle that was ahead of plaintiff's vehicle turned left, and another that was ahead of plaintiff's vehicle was in the process of turning. She testified that the plaintiff's vehicle stopped abruptly. She said that she was not expecting the vehicle to stop, and that if it had not done so, the collision would not have occurred. The defendant denied that she was looking away, although she did state that she may have glanced down to the seat. However, she couldn't say that she took her eyes off the road. When questioned about the application of brakes, she testified that she was slowing down and braking slightly. At the time immediately prior to when the accident took place, she testified that she bumped the plaintiff's auto, that she was going very slow and had put her brakes on: "I had put the brake on, but it was just almost simultaneous, I guess." It would be reasonable for the jury to infer that this simultaneous braking on the part of the defendant was in response to the sudden stop of plaintiff's vehicle.

■■ In cases requiring us to rule on the greater weight and preponderance of the evidence we must review the entire record. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952). Calvert, "No Evidence" and "Insufficient Evidence", 38 Tex.L.R. 361 (1960). In following these directions, we are not in a position to substitute our judgment for that of the jury merely because we might, on the evidence, have reached a different conclusion. Here the plaintiff, Mrs. Clark, was absent from trial. The jury did not have the opportunity to see her in person. Her testimony was read from the previous trial and from her deposition. The defendant testified in person. We may not set aside the jury findings unless we are so impressed from a consideration of all the testimony that such findings are against the overwhelming weight and preponderance of the evidence as to be clearly wrong, manifestly unjust, or shocking to the conscience of the Court.

■ It is obvious that two different juries found different facts from a preponderance of the same or substantially the same evidence. This is evident from the first and second trials of this case. We must remember that the jury is not only the judge of the facts and circumstances proven, but they also judge the credibility of the witnesses. They are at liberty to draw reasonable inferences and deductions from the evidence adduced before it. Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273 (1958). The defendant's testimony vacillated from time to time depending on which attorney was examining her. It is not apparent however, from an examination of the trial record, that the jury's answers to the Special Issues submitted are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. The judgment of the trial court is accordingly affirmed.

YOUNG, J., not participating.