**NATIONAL SURETY CORPORATION,**
**Appellant,**

v.

**Henry L. SEALE, Appellee.**

**No. 18121.**

Court of Civil Appeals of Texas, Dallas.

July 12, 1973.

Rehearing Denied Sept. 24, 1973.

Russell M. Manning, Johnson, Guthrie, Billings & Pierce, Dallas, for appellant.

Richard B. Turbiville, Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

GUITTARD, Justice.

■ Henry Seale sued National Surety Corporation on a "blanket crime policy" for loss of a coin collection missing from a safe after a burglary. The policy insures against "Loss of Money and Securities." The insurer argues that since the coins in the collection had been withdrawn from circulation and were valued as collectors' items rather than at their face amounts, the collection should not be treated as "money," but as other personal property, which was not insured under the policy because no marks of violence were found on the outside of the safe.

The trial court held that the collection was within the coverage of "Money and Securities," found its value to be $14,285, and rendered judgment for the $10,000 policy limit, less $100 deductible.

We conclude that the judgment is correct. The policy defines "money" as "currency, coins, bank notes and bullion." Thus, the coverage of "money" is not limited to "currency," which would include both coins and paper money in circulation with a fixed and stated value. The additional words, "coins, bank notes and bullion" were evidently intended to provide broader coverage. Coins in a collection are still "coins," within the literal language of the policy, and thus fall within the definition of "money." This is, at least, a permissible construction.

The insurer relies principally on DeBiase v. Commercial Union Ins. Co., 53 Misc.2d 45, 278 N.Y.S.2d 145 (Civ.Ct., City of N. Y.1967), aff'd 55 Misc.2d 676, 286 N.Y.S.2d 502 (App.T.), which involved an exclusion of "money," defined as in the present policy. The New York court strictly construed the language in favor of the insured and held that the exclusion, when so construed, did not apply to coins in a collection. That reasoning would not support the position of the insurer here, since we are concerned with an insuring clause rather than an exclusion, and if we should find an ambiguity in the language and should construe it in favor of the insured, we would still have to hold the coin collection to be within the coverage of the policy.

■ The insurer also contends that the testimony of the insured was inadmissible and insufficient to establish the cash value in Dallas County at the time of the loss. This contention is without merit. The insured testified that he knew what was lost and also knew the cash value of the property at the time of the loss. He stated the amounts he had actually paid for the various items in the collection and testified that he knew they were worth more than the amounts stated because he had traded similar items at higher prices. The largest item was five tubes of uncirculated Mexican gold coins, which he valued at $8,000, but he testified that they were actually worth "about twice" that figure. In each instance, he testified, the actual cash value of the item was more than the amount he had paid. The trial court found the values of the items to be the purchase prices as stated in the insured's testimony. Even though these values may have been less than the "actual cash value" at the time of the loss, the insured is bound by them, and the insurer is in no position to complain that the actual higher values were not determined. Consequently, we hold that the court's findings are amply supported by the evidence.

■ We also overrule the insurer's contention that the insured was not qualified to give an opinion concerning the value. The testimony of the owner that he knows the

value of the property is sufficient, at least prima facie, to qualify him to give an opinion. Cortez v. Mascarro, 412 S.W.2d 342 (Tex.Civ.App.—San Antonio, 1967, no writ).

Affirmed.