Ona WRIGHT, Appellant,

v.

Margaret GERNANDT, Appellee.

No. 1238.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 23, 1977.

Rehearing Denied Jan. 5, 1978.

William H. Berry, Jr., Corpus Christi, for appellant.

Michael W. Williams, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a declaratory judgment suit in which the plaintiff, Margaret Gernandt, sought a declaration that she was the owner of the proceeds of a fire insurance policy and that the defendant was required to maintain additional insurance to cover the fire loss incurred by the plaintiff. The defendant, Ona Wright, filed her cross-action seeking equitable reformation of the lease agreement, a share of the insurance proceeds and damages for unpaid bills. The trial was to a jury in which the jury answered issues favorable to the plaintiff resulting in a judgment being entered for the plaintiff, subject to offsets for the unpaid bills. The defendant appeals to this Court.

The defendant was the owner of land and a building in Corpus Christi, once known as the "Motts Restaurant." In 1973, the defendant's former husband (not a party to this suit or to the lease agreement) entered into negotiations to lease the premises to the plaintiff. The parties discussed the terms including insurance during the preliminary negotiations. After the negotiations had been completed, the defendant requested that her attorney draft the lease agreement. A five year lease on the restaurant was executed by both parties. Two years later, a fire destroyed the premises. Neither the plaintiff nor the defendant knew for sure, until the fire had destroyed the premises and until they had reread the lease, that paragraph 8 of the lease agreement required the defendant to procure insurance. The paragraph in question is as follows:

"8. During the term of this lease, Lessor agrees that she will, at her own expense, at all times maintain in force a policy or policies of insurance, written by one or more responsible insurance carriers, designated by Lessor, insuring the leased premises against fire, windstorm or other hazard for such amount or amounts as may be approved by Lessor. Such policy or policies shall insure Lessor or Lessee as their respective interest may appear."

The plaintiff procured a $12,000 personal property contents insurance policy prior to the fire. At trial, the plaintiff's theory was that the defendant breached the express covenant of the lease requiring the defendant to maintain insurance on the plaintiff's full interest in the leased property. The defendant's affirmative defense at trial, and her major contention here on appeal, is

that the first reference to "lessor" in paragraph 8 of the lease, was a mutual mistake caused by a scrivener's error, thereby justifying equitable reformation of the lease. The defendant would reform the lease agreement so that the $12,000 proceeds of plaintiff's insurance policy would be apportioned between the parties as their interest would appear.

The answered issues returned by the jury were: (1) that the first reference to "lessor" in paragraph 8 was a mistake and should have read "lessee"; (2) that such mistake was not mutual—in other words, not made by both plaintiff and defendant; (3) that such mistake, if unilateral, was not made by the plaintiff; (4) that such mistake, if unilateral, was made by the defendant; (5) that plaintiff did not represent to the defendant that she had adequate fire insurance on the contents at the restaurant; (6) through (9) (the balance of the fraud issues) were conditionally submitted and not answered; (10) that the actual value of the personal property owned by the plaintiff which was destroyed was $18,786.58; (11) that the actual value of the personal property owned by the defendant which was destroyed by the fire was $12,284.36; (12) that the plaintiff was not entitled to any lost profits and (13) that the unpaid bills owed to the defendant were $1,440.74.

Generally, a mistake of fact, if mutual, is grounds for reformation of a written contract. The parol evidence rules do not apply, where it is alleged that by reason of a mutual mistake, an agreement does not express the real intention of the parties. Extrinsic evidence in such cases, is admissible to show what the real agreement is. *Olvey v. Jones,* 137 Tex. 639, 156 S.W.2d 977, 980 (1941). The party seeking reformation must prove what the true agreement was, and that the terms of the writing which differ from the true agreement were placed in the instrument by a mutual mistake of the parties. *Burrows v. Seale,* 148 Tex. 411, 225 S.W.2d 966, 969 (1950); *Sun Oil Co. v. Bennett,* 125 Tex. 540, 84 S.W.2d 447 (1935). A scrivener's error or typist's failure to embody the parties' true

agreement in a written instrument is such a mistake as to afford ground for reformation, if the mistake is a mutual mistake. *Bates v. Lefforge,* 63 S.W.2d 360, 362 (Tex. Comm'n.App.1933, jdgmt adopted); *Snellings v. Snellings,* 482 S.W.2d 707, 709 (Tex. Civ.App.—Waco 1972, writ ref'd n.r.e.); *Louviere v. Power,* 389 S.W.2d 333, 335 (Tex.Civ.App.—Waco 1965, writ ref'd n.r. e.); *Williams v. Hooks,* 333 S.W.2d 184, 187 (Tex.Civ.App.—Beaumont 1960, no writ); see also *Thomas v. Baptist Foundation of Texas,* 123 S.W.2d 440, 448-49 (Tex.Civ. App.—Fort Worth 1938, wr. dism., judg. corr.); *Coker v. Hughes,* 307 S.W.2d 354, 359-60 (Tex.Civ.App.—Amarillo 1957, no writ); *Eggert v. American Standard Life Insurance Company,* 404 S.W.2d 99, 105 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Louviere v. Power,* supra.

Actually, the vital fact issues that should be submitted in defendant's affirmative defense of mutual mistake in such a case would be: 1) whether the plaintiff ever agreed to maintain insurance on the leased premises; 2) whether at the time they signed the lease, plaintiff and defendant thought that the lease required the plaintiff to maintain insurance on the leased premises; and 3) whether through a scrivener's error, the instrument failed to set forth the parties' prior agreement or understanding.

The defendant by her first six points of error has attacked the jury findings to issues two and four by contending there is no evidence or insufficient evidence and that such findings are contrary to the great weight and preponderance of the evidence. We decide the no evidence point by considering only the favorable evidence and we consider the entire record in passing upon the remaining evidentiary points. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 362-3 (1960); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.Sup.1965).

The plaintiff testified that fire insurance had been discussed during the lease negotiations but that the parties had not reached a definite agreement regarding insurance prior to the signing of the lease. Plaintiff testified as follows:

"Q  Was there any discussion of insurance prior to the signing of the lease?

A  It was discussed, but no agreement was made.

.    .    .    .    .

Q  Do you recall any at all at this time the extent of those discussions? (regarding insurance)

A  No, I just went by what was in the lease, and read the lease and signed it."

The defendant's attorney, who prepared the lease, testified that he represented only the defendant and the plaintiff did not participate in any of the discussions that he had with the defendant prior to the preparation of the lease.

Plaintiff testified that she first saw the lease when she went to the defendant's office to sign the lease at defendant's request. She stated that the lease did not embody any previous agreement regarding insurance, because there had been no definite previous agreement concerning insurance between the parties. The defendant did not offer any testimony concerning any conversation that might have taken place on the day the lease was signed even though the evidence showed the plaintiff signed the agreement in defendant's presence. The defendant testified that she had a conversation with the plaintiff prior to the signing of the lease. She stated that the terms of the lease, including insurance, were discussed. The jury could reasonably infer and did answer that the mistake in the lease was unilateral and was made only by the defendant.

▮  The jury is not only the judge of the facts and circumstances proven, but they are the judge of the credibility of the witnesses. They are at liberty to draw reasonable inferences and deductions from the evidence adduced at trial. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273 (1958); *Clark v. Brewer,* 498 S.W.2d 957, 959 (Tex.Civ.App.—Corpus Christi 1973, no writ). We have considered the entire record concerning the circumstances prior to

and at the time the lease was signed and find that special issues 2 and 4 are supported by the evidence and are not against the great weight and preponderance of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). All of defendant's evidentiary points of error are overruled.

▮  Special issues 10 and 11 were directed to finding the value of the plaintiff's and defendant's destroyed personal property. The jury's answers to these issues would have provided a basis for the trial court to apportion the insurance proceeds between the parties had the defendant prevailed on her affirmative defense. Although special issue 11 should have been conditionally submitted based on a favorable finding on issues 2, 3 and 4, its submission and answer were harmless error. Rule 434, T.R.C.P. Rule 279 requires the trial court to submit only the controlling issues. *Holmes v. J. C. Penney Company,* 382 S.W.2d 472, 473 (Tex. Sup.1964). Appellant's seventh point of error is overruled.

▮  Next, the defendant complains that the measure of damages submitted to the jury in special issue 10 should have been the reasonable market value and not actual value of the personal property destroyed by the fire. We recognize that the general rule is that if a chattel is totally destroyed, the proper measure of damages is the difference in its market value immediately before and immediately after the injury, without additional recovery for the loss of the chattel's use. *Export Insurance Co. v. Herrera,* 426 S.W.2d 895 (Tex.Civ.App.— Corpus Christi 1968, writ ref'd n.r.e.).

▮  The plaintiff alleged that she sustained a $25,478.45 personal property loss. The jury found that the "actual value" of her loss was $18,786.58. The plaintiff introduced into evidence detailed lists of her losses. This consisted of food, beverages and other supplies which she testified that she purchased weekly from bulk suppliers. As such, "market value" and "actual value" would be substantially the same. The plaintiff testified that the value of these items was obtained by contacting her

suppliers or through her memory from what she had actually paid for them. Her inventory loss also included antiques, equipment and furniture used in her restaurant business, including personal household items, clothing and personal effects. Personal property, of this latter category, has no market value in the ordinary meaning of the term. The measure of damages that should be applied for loss of this kind of property is actual value of the articles to the owner in the condition they were in at the time of the loss, without resort to market value, and excluding any fanciful or sentimental considerations. *Crisp v. Security National Insurance Company*, 369 S.W.2d 326, 328–29 (Tex.Sup.1963). This measure of damages has been applied to furniture, furnishings and equipment used in a hotel business against the contention that the proper measure of damages should be cash market value. *Wutke v. Yolton*, 71 S.W.2d 549 (Tex.Civ.App.—Beaumont 1934, writ ref'd). The most fundamental rule of damages that every wrongful injury or loss to persons or property should be adequately and reasonably compensated requires the allowance of damages in compensation for the reasonable special value of some special articles to their owner. The trial court did not divide plaintiff's property into all the various categories according to each measure of damages applicable to all of plaintiff's property. See *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299 (Tex.Sup.1963) and authorities cited therein. Although we do not necessarily approve of this practice, the defendant has failed to show that she has been harmed. Rule 434, T.R.C.P. A measure of damages that is not correct in every respect, if substantially correct, is not necessarily reversible error. *Crisp v. Security National Insurance Company*, 369 S.W.2d 326, 330 (Tex.Sup.1963); *Frymire Engineering Company, Inc. v. Grantham*, 517 S.W.2d 820 (Tex.Civ.App.—Fort Worth 1975) rev'd and remanded on other grounds, 524 S.W.2d 680 (Tex.Sup.1975); *McMahan v. Musgrave*, 229 S.W.2d 894 (Tex.Civ.App.—Eastland 1950, writ dism'd). Defendant's point of error 12 is overruled.

■ Defendant's multifarious point of error number 8 is overruled. Rule 418, T.R.C.P. (See cases under note 11). We will discuss the arguments under the point because some of them are made under other points of error. Defendant complains generally of the trial court's action in submitting the damage issue (special issue 10), to the jury. Defendant seems to contend that this issue presumes damages without pleadings, evidence, where there was none, and lack of proper special issues. Defendant suggests that issues should have been submitted inquiring whether the defendant had a duty to discover the mistake, along with negligence, proximate cause and damages.

■ Plaintiff's petition was sufficient to state a cause of action for breach of the lease covenant in question. Her pleadings state that plaintiff and defendant entered into a lease agreement; that paragraph 8 of the lease provides that defendant would maintain fire and other hazard insurance on the leased premises as the interest of plaintiff and defendant may appear; that the leased premises was destroyed by fire; that at the time of the fire defendant failed to have insurance in force; that plaintiff's interest (as lessee) in the leased premises at the time of the fire was $25,478.45; that plaintiff suffered a $13,478.45 loss in excess of her own insurance coverage as a result of the fire; and suffered lost profits at the rate of $14,152.59 per year because she was unable to resume business. Plaintiff prayed for relief in accordance with the allegations of her petition.

■ The evidence adduced at the trial included the written lease, which was admitted into evidence without objection. The uncontradicted evidence at trial further showed: that defendant did not maintain any insurance covering the property; that on December 13, 1975, fire destroyed the leased premises; and that plaintiff suffered damages from the loss of her personal property, which was more than the amount of insurance in force. The testimony of plaintiff regarding the value of her personal property had probative force even though

her valuation might have been based in part on information received from others. *Putman v. Sanders,* 537 S.W.2d 308, 312 (Tex.Civ.App.—Amarillo 1976, no writ); *Cortez v. Mascarro,* 412 S.W.2d 342, 343–44 (Tex.Civ.App.—San Antonio 1967, no writ). It must be remembered that the owner of a chattel may testify to its value (if he knows its value), even though he may not be qualified as an expert to testify as to the value of like property owned by others. *Putman v. Sanders,* 537 S.W.2d 308, 312 (Tex.Civ.App.—Amarillo 1976, no writ); *Brown v. Brown,* 520 S.W.2d 571, 577 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Classified Parking System v. Kirby,* 507 S.W.2d 586 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *National Surety Corporation v. Seale,* 499 S.W.2d 753, 754–55 (Tex.Civ.App.—Dallas 1973, no writ); *Barstow v. Jackson,* 429 S.W.2d 536 (Tex.Civ.App.—San Antonio 1968, no writ); 3 Wigmore, Evidence, Sec. 716 (1940). Submission of special issues on undisputed facts is actually unnecessary. Tex.R.Civ.P. 272; *Sullivan v. Barnett,* 471 S.W.2d 39, 42 (Tex.Sup.1971); *Marburger v. Jackson,* 513 S.W.2d 652, 655 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

■ This particular portion of plaintiff's cause of action was predicated on defendant's alleged breach of the lease covenant. Defendant failed to establish her affirmative defenses of mutual mistake and fraud. No other tenable theory or defense was submitted or complained of here on appeal. Plaintiff was therefore entitled to enforce the terms of the lease as it was written even though the defendant (and even the plaintiff) apparently signed the lease without noticing the provisions of paragraph 8. *Thigpen v. Locke,* 363 S.W.2d 247, 251 (Tex.Com.App.1962); *Kasch v. Farmers' Gin Co.,* 3 S.W.2d 72 (Tex.Sup. 1928). Where there is no ambiguity in the lease (as is the case that is before us) the construction of such is a question of law for the court. *Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W.2d 193 (Tex. Sup.1962); *Chaffe v. Murray,* 492 S.W.2d 680, 685 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Such construction is governed by the same general rules applicable to other written instruments. *Ferrari v. Bauerle,* 519 S.W.2d 144, 146 (Tex.Civ. App.—Austin 1975, writ ref'd n.r.e.); *Eckstine v. Webb Walker Jewelry Company,* 178 S.W.2d 532, 536 (Tex.Civ.App.—Fort Worth 1944, writ ref'd w.o.m.).

■ Defendant's point of error 11 again raises the question of the trial court's failure to submit negligence issues. In this point of error defendant contends the trial court erred in including an instruction on proximate cause because such instruction, absent attendant negligence issues, amounted to a comment on the weight of the evidence. This contention is also without merit because the instruction defining the legal term "direct and proximate cause" was contained in special issue 12. Special issue 12 was based on plaintiff's claim for lost profits as special damages which the jury found to be "none." Even if damages had been found by the jury, the court's instruction was not improper. *Cockburn v. Mercantile Petroleum,* 296 S.W.2d 316, 328 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r. e.).

All of defendant's points of error have been carefully considered and they are overruled. The judgment of the trial court is AFFIRMED.

## OPINION ON MOTION FOR REHEARING

■ On motion for rehearing, defendant argues for the first time that this Court erred in affirming that portion of the trial court's judgment which allowed plaintiff lessee to recover $6,786.58 for loss of personal property because, the lease as written, requires the lessor to insure "the leased premises" which does not encompass the personal property contents of the lessee. It seems to be defendant's contention now that this Court interpreted paragraph 8 of the lease and held as a matter of law that the reference in paragraph 8 to "the leased premises" included the personal property contents of the lessee.

In this case defendant lessor sought equitable reformation of the lease and a proportionate share of plaintiff lessee's personal property contents insurance policy on the theory that there was a mutual mistake resulting from a scrivener's error in paragraph 8, or, in the alternative, there was a unilateral mistake which justified reformation due to the lessee's fraudulent misrepresentations. Plaintiff, on the other hand, sought to enforce the lease as it was written and to recover damages due to the loss of her personal property in excess of the personal property contents policy she maintained. At trial both parties contended in effect that paragraph 8 of the lease, particularly the sentence "[s]uch policy or policies shall insure Lessor or Lessee as their respective interest may appear" required insurance to cover the personal property contents of both the Lessor and Lessee. As stated in our original opinion, neither party at trial contended the lease provision in question was vague or ambiguous. Therefore, the interpretation of the instrument was a question of law for the trial court. Implicit in the trial court's judgment awarding damages to plaintiff for her loss of personal property, is the trial court's agreement with the parties' own interpretation of paragraph 8. Nowhere in her motion for judgment n.o.v., motion for new trial, or by point of error and arguments and authorities thereunder on appeal, did defendant lessor suggest that the lease was vague, ambiguous, or that the trial court had erroneously interpreted paragraph 8 of the lease. Therefore, on appeal, we did not consider defendants' new point of error, that of the trial court's interpretation of the lease, nor do we now on motion for rehearing.

The law does not impose upon the appellate court the duty of discovering, from the pleadings, evidence, and other matters of record, whether the trial court might have committed reversible error in its decision of the case. The appellant has the burden throughout to designate in proper assignments of error and in arguments and authorities in the brief the particular errors relied upon for reversal. *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931, 941 (1956); *Holzapfel v. Brueggman*, 404 S.W.2d 916, 920 (Tex. Civ.App.—Corpus Christi 1966, writ ref'd n.r.e); *McClanahan v. Cook*, 401 S.W.2d 352, 354 (Tex.Civ.App.—Amarillo 1966, no writ). The Courts of Civil Appeals may only consider properly perfected points of error on appeal in light of the argument and authorities developed in the appellant's brief which sufficiently direct the Court's attention to the error upon which the appellant relies. *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960); *Saldana v. Garcia*, 275 S.W.2d 563 (Tex.Civ.App.—San Antonio 1955, aff'd, 155 Tex. 242, 285 S.W.2d 197, 200 (1957).

An assignment of error raised for the first time in appellant's motion for rehearing in the Court of Civil Appeals is too late to be considered. *Lone Star Gas Company v. Sheaner*, 157 Tex. 508, 305 S.W.2d 150, 153 (1957); *W. T. Burton Co. v. Keown Contracting Co.*, 353 S.W.2d 909 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.); *Southland Life Ins. Co. v. Barrett*, 172 S.W.2d 997 (Tex.Civ.App.—Fort Worth 1943, writ ref'd w.o.m.). The appellate courts may, in some rare situations, consider an unassigned error, but *only* if the error can be classified properly as "fundamental error." *State Farm Mutual Automobile Ins. Co. v. Cowley*, 468 S.W.2d 353 (Tex.Sup.1971); *Newman v. King*, 433 S.W.2d 420 (Tex.Sup.1968); *Asbeck v. Asbeck*, 369 S.W.2d 915 (Tex.Sup.1963); *Texas Power and Light Co. v. Cole*, 158 Tex. 495, 313 S.W.2d 524 (1958). There is no fundamental error here present. Defendant lessor's assignments of error relating to this new interpretation of paragraph 8 of the lease are all overruled.

We have carefully considered all of the other assignments of error contained in defendant's motion for rehearing and find that they are without merit. Defendant's motion for rehearing is overruled.